**DAVID M.C. PETERSON**
California State Bar No. 254498
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
david_peterson@fd.org

Attorneys for Mr. Fernandez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JOHN A. HOUSTON)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 08cr0802-JAH |
| Plaintiff, ) | Date: April 21, 2008 |
| ) | Time: 8:30 a.m. |
| v. ) | |
| JOSE JUAN FERNANDEZ, ) | **STATEMENT OF FACTS AND POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS** |
| Defendant. ) | |

**I.**

**STATEMENT OF FACTS**[1]

On March 5, 2008, at approximately 6:30 a.m., Jose Juan Fernandez attempted to enter the United States through the Secure Electronic Network for Travelers Rapid Inspection (SENTRI) Lane at the San Ysidro, California Port of Entry. Mr. Fernandez was the driver of a 1986 Toyota pickup truck. Because Mr. Fernandez was not enrolled in the SENTRI program or authorized to use its lanes, Customs and Border Patrol (CBP) Officer Exconde ordered him to secondary inspection. At secondary inspection, the officers used a narcotic detection dog to screen the pickup. The canine responded to the front wall of the bed of the truck. The agents searched the Toyota truck. CBP officers discovered 25 packages of what was determined

---

[1] The facts alleged in these motions are subject to elaboration and/or modification at the time these motions are heard. Mr. Fernandez reserves the right to take a position contrary to the following statement of facts at the motions hearing and at trial. Because he at this point only received limited discovery, the statement of facts, and the quotations, are taken from the complaint's statement of facts signed by the Magistrate Court.

1  to be marijuana after performing a field test of the substance. Mr. Fernandez was indicted by the January
2  2007 grand jury on March 19, 2008. These motions follow.

## II.

## MOTION TO COMPEL DISCOVERY

5   Mr. Fernandez moves for the production of the following discovery. This request is not limited to
6  those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody,
7  control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v.
8  Bryan, 868 F.2d 1032 (9th Cir. 1989), cert. denied, 493 U.S. 858 (1989).

9   (1) Mr. Fernandez' Statements. The Government must disclose to Mr. Fernandez all copies of any
10 written or recorded statements made by Mr. Fernandez; the substance of any statements made by Mr.
11 Fernandez which the Government intends to offer in evidence at trial; any response by Mr. Fernandez to
12 interrogation; the substance of any oral statements which the Government intends to introduce at trial and
13 any written summaries of Mr. Fernandez' oral statements contained in the handwritten notes of the
14 Government agent; any response to any Miranda v. Arizona, 384 U.S. 436, 444 (1966), warnings which may
15 have been given to Mr. Fernandez; as well as any other statements by Mr. Fernandez. Fed. R. Crim. P.
16 16(a)(1)(A)-(B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the
17 Government must reveal all Mr. Fernandez' statements, whether oral or written, regardless of whether the
18 government intends to make any use of those statements. **Mr. Fernandez specifically requests any**
19 **recording—whether handwritten, audio, or video—of his statements at secondary inspection. This**
20 **includes agents' hand- or type-written notes regarding any statements Mr. Fernandez made at**
21 **secondary.** In this case, Mr. Fernandez allegedly made a statement to the officer in secondary; to date, Mr.
22 Fernandez has only a summary of that statement as written by the secondary officer. Mr. Fernandez requests
23 any contemporaneous or otherwise recordation of that statement, as well as any other statements he made
24 on March 5, 2008.

25  (2) Arrest Reports, Notes and Dispatch Tapes. Mr. Fernandez also specifically requests the
26 Government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate
27 to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to,
28 any rough notes, records, reports, transcripts or other documents in which statements of Mr. Fernandez or

any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). The Government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Fernandez. See Fed. R. Crim. P. 16(a)(1)(B), Fed. R. Crim. P. 26.2. **Mr. Fernandez specifically requests the secondary referral slip, likely provided by the primary officer to the secondary officer.**

(3) Brady Material. Mr. Fernandez requests all documents, statements, agents' reports, and tangible evidence favorable to Mr. Fernandez on the issue of guilt and/or which affects the credibility of the Government's case. Under Brady v. Maryland, 373 U.S. 83 (1963), impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(4) Any Information That May Result in a Lower Sentence Under The Guidelines. The Government must produce this information under Brady v. Maryland, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by Mr. Fernandez as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Mr. Fernandez also requests any information relevant to a Chapter Three adjustment, a determination of Mr. Fernandez' criminal history, and information relevant to any other application of the Guidelines.

(5) The Defendant's Prior Record. Mr. Fernandez requests disclosure of his prior record. Fed. R. Crim. P. 16(a)(1)(D).

(6) Any Proposed 404(b) Evidence. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609. In addition, under Rule 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Mr. Fernandez requests that such notice be given three (3) weeks before trial in order to give the defense time to adequately investigate and prepare for trial. **Specifically, Mr. Fernandez requests the "TECS" reports alluded to in the Report of Investigation. This information is both material and relevant to his defense, and may well also be considered 404(b) evidence in the case. Mr. Fernandez' request**

1 **includes both the TECS for the Toyota truck and the TECS for his personal crossings, both of which**
2 **are mentioned in the report of investigation and in the possession of the prosecutor or his agents.**

3     (7) <u>Evidence Seized</u>. Mr. Fernandez requests production of evidence seized as a result of any
4 search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(E).

5     (8) <u>Tangible Objects</u>. Mr. Fernandez requests the opportunity to inspect and copy as well as test, if
6 necessary, all other documents and tangible objects, including photographs, books, papers, documents,
7 fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended
8 for use in the Government's case-in-chief or were obtained from or belong to Mr. Fernandez. Fed. R. Crim.
9 P. 16(a)(1)(E). **Mr. Fernandez specifically requests that the government produce and make available**
10 **for inspection the cell phone and other personal items seized from him on the day of his arrest.**

11     (9) <u>Evidence of Bias or Motive to Lie</u>. Mr. Fernandez requests any evidence that any prospective
12 Government witness is biased or prejudiced against Mr. Fernandez, or has a motive to falsify or distort his
13 her testimony.

14     (10) <u>Impeachment Evidence</u>. Mr. Fernandez requests any evidence that any prospective Government
15 witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness
16 has made a statement favorable to Mr. Fernandez. <u>See</u> Fed R. Evid. 608, 609 and 613; <u>Brady v. Maryland</u>.

17     (11) <u>Evidence of Criminal Investigation of Any Government Witness</u>. Mr. Fernandez requests any
18 evidence that any prospective witness is under investigation by federal, state or local authorities for any
19 criminal conduct.

20     (12) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The
21 defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show
22 that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and
23 any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an
24 alcoholic.

25     (13) <u>Witness Addresses</u>. Mr. Fernandez requests the name and last known address of each
26 prospective Government witness. Mr. Fernandez also requests the name and last known address of every
27 witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will
28 <u>not</u> be called as a Government witness.

1        (14) <u>Name of Witnesses Favorable to the Defendant</u>.  Mr. Fernandez requests the name of any
2 witness who made an arguably favorable statement concerning Mr. Fernandez or who could not identify him
3 who was unsure of his identity, or participation in the crime charged.  <u>Brady v. Maryland</u>, 373 U.S. 83
4 (1963).

5        (15) <u>Statements Relevant to the Defense</u>.  Mr. Fernandez requests disclosure of any statement
6 relevant to any possible defense or contention that he might assert.

7        (16) <u>Jencks Act Material</u>.  Mr. Fernandez requests production in advance of trial of all material,
8 including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500.
9 Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks
10 material.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness'
11 interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  <u>Campbell v.
12 United States</u>, 373 U.S. 487, 490-92 (1963).  In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) the
13 Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes
14 are then subject to the Jencks Act.

15        (17) <u>Giglio Information</u>.  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), Mr. Fernandez
16 requests all statements and/or promises, express or implied, made to any Government witnesses, in exchange
17 for their testimony in this case, and all other information which could arguably be used for the impeachment
18 of any Government witnesses.

19        (18) <u>Agreements Between the Government and Witnesses</u>.  Mr. Fernandez requests discovery
20 regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future
21 compensation, or any other kind of agreement or understanding, including any implicit understanding
22 relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government
23 witness and the Government (federal, state and/or local).  This request also includes any discussion with a
24 potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain,
25 even if no bargain was made, or the advice not followed.

26        (19) <u>Informants and Cooperating Witnesses</u>.  Mr. Fernandez requests disclosure of the names and
27 addresses of all informants or cooperating witnesses used or to be used in this case, and in particular,
28 disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime

charged against Mr. Fernandez. The Government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957). The Government must disclose any information derived from informants which exculpates or tends to exculpate Mr. Fernandez.

(20) <u>Bias by Informants or Cooperating Witnesses</u>. Mr. Fernandez requests disclosure of any information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

(21) <u>Government Examination of Law Enforcement Personnel Files</u>. Mr. Fernandez requests that the Government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Mr. Fernandez requests that these files be reviewed by the Government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

(22) <u>Expert Summaries</u>. Defendant requests written summaries of all expert testimony that the government intends to present under Federal Rules of Evidence 702, 703 or 705 during its case in chief, written summaries of the bases for each expert's opinion, and written summaries of the experts' qualifications. Fed. R. Crim. P. 16(a)(1)(G). This request includes, but is not limited to, drug/chemical and fingerprint expert testimony.

(23) <u>Residual Request</u>. Mr. Fernandez intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16. Mr. Fernandez requests that the Government provide him and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

### III.

### MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Defense counsel requests leave to file further motions and notices of defense based upon information gained in the discovery process. On April 1, 2008 counsel received seventy-one pages of discovery from

the government in this matter.[2] Defense counsel intends to file, at the least, motions to suppress any statements by Mr. Fernandez as well as a motion to suppress evidence taken in violation of the Fourth Amendment given the vehicle stop leading to arrest in this case.

## IV.
## CONCLUSION

For these and all the foregoing reasons, the defendant, Mr. Fernandez, respectfully requests that this Court grant his motions and grant any and all other relief deemed proper and fair.

Respectfully submitted,

DATED: April 7, 2008

    */s/ David M.C. Peterson*
DAVID M.C. PETERSON
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Fernandez
E-mail: david_peterson@fd.org

---

[2] Defense counsel, however, forwarded a written request for discovery to the government in a letter dated March 6, 2008.

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy to Chambers

Copy to Assistant U.S. Attorney via ECF NEF

Copy to Defendant

Dated: April 7, 2008  /s/ DAVID M. PETERSON
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA  92101-5030
(619) 234-8467  (tel)
(619) 687-2666  (fax)
David_Peterson@fd.org (email)