1  KAREN P. HEWITT
   United States Attorney
2  PAUL L. STARITA
   Assistant U.S. Attorney
3  California State Bar No. 219573
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6507
   Email: paul.starita@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

   UNITED STATES OF AMERICA,              )  Criminal Case No. 08CR0802-JAH
11                                        )
                 Plaintiff,               )  DATE:        April 21, 2007
12                                        )  TIME:        8:30 a.m.
                    v.                    )
13                                        )  UNITED    STATES'    RESPONSE    AND
   JOSE JUAN FERNANDEZ,                   )  OPPOSITION TO DEFENDANT'S MOTIONS
14                                        )  TO:
                 Defendant.               )
15                                        )  (1)    COMPEL DISCOVERY/
                                          )         PRESERVE EVIDENCE; AND
16                                        )  (2)    GRANT LEAVE TO FILE FURTHER
                                          )         MOTIONS.
17                                        )
                                          )  TOGETHER WITH STATEMENT OF FACTS
18                                        )  AND MEMORANDUM OF POINTS AND
                                          )  AUTHORITIES
19 _____   )

20        COMES NOW, the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel,

21 KAREN P. HEWITT, United States Attorney, and Paul L. Starita, Assistant United States Attorney, and

22 hereby files its Response and Opposition to the defendant's above-referenced motions together with

23 Statement of Facts and Memorandum of Points and Authorities. This Response and Opposition is based

24 upon the files and records of the case.

25 //

26 //

27 //

28 //

1                                                    **I**

2                                    **STATEMENT OF THE CASE**

3          On March 19, 2008, a federal grand jury in the Southern District of California returned a two-

4    count Indictment charging defendant JOSE JUAN FERNANDEZ ("Defendant") with (i) importing

5    approximately 52.40 kilograms (115.28 pounds) of marijuana into the United States in violation of 21

6    U.S.C. §§ 952 and 960, and (ii) possessing approximately 52.40 kilograms (115.28 pounds) of marijuana

7    with intent to distribute  in violation of  21 U.S.C. § 841(a)(2).  Defendant was arraigned on the

8    Indictment on March 20, 2008, and pleaded not guilty.

9                                                    **II**

10                                  **STATEMENT OF THE FACTS**

11   **A.      PRIMARY INSPECTION AREA**

12         On March 5, 2008, at approximately 6:30 a.m., Defendant, the driver and sole occupant of a 1986

13   Toyota pick-up truck bearing California license plates (# 4EWU768), attempted to enter the United

14   States from Mexico through the Secure Electronic Network for Travelers Rapid Inspection ("SENTRI")

15   lane number three at the San Ysidro, California, Port of Entry.  Since Defendant was not authorized to

16   use the SENTRI lanes, he was redirected to the standard primary inspection lanes.  When Defendant

17   arrived at the primary booth, he presented his I-551 Lawful Permanent Resident ("LPR") card to

18   Customs and Border Protection ("CBP") Officer Exconde.  CBP Officer Exconde explained to

19   Defendant that he was not authorized to use the SENTRI lanes and referred Defendant and his vehicle

20   to the Secondary Inspection Area for further processing.

21   **B.      SECONDARY INSPECTION AREA**

22         After arriving in the Secondary Inspection Area, Defendant presented his LPR card to CBP

23   Officer Boutwell who asked Defendant a series of standard questions.  Defendant stated that he was the

24   owner of the Toyota pick-up truck, that he had bought the truck a couple of days before, and that he had

25   nothing to declare.  Upon inspection of the vehicle registration provided by Defendant, CBP Officer

26   Boutwell believed it to be altered or counterfeit.  As such, CBP Officer Boutwell requested that a

27   narcotics detection dog screen Defendant's truck.  The narcotics detection dog screened the truck and

28   alerted to the front wall of the bed of the truck.  CBP Officer Boutwell then lifted the camper shell off

1  the bed of the truck and discovered a non-factory compartment containing cellophane wrapped

2  packages. CBP Officer Garza completed the inspection of Defendant's truck and found 11cellophane

3  wrapped packages concealed in the non-factory compartment and 4 additional cellophane wrapped

4  packages concealed in the camper shell. CBP Officer Garza probed one of the packages and found a

5  green leafy substance. This substance field tested positive for the presence of marijuana.

6      Later this same morning, at approximately 8:55 a.m., CBP Officer Garza had a towing company

7  contractor remove the rear tires from Defendant's truck for further inspection. The rear tires of the truck

8  were cut open revealing 10 additional cellophane wrapped packages (5 in each tire). CBP Officers

9  found a total of 25 packages which were all wrapped in duct tape, cellophane, grease or oil, packaging

10  tape, and wrapping paper with Kyocera tape (depicting flowers). The total weight of these packages was

11  approximately 52.40 kilograms (115.28 pounds).

12  **C.    DEFENDANT'S POST-*MIRANDA* STATEMENT**

13      On this same day, at approximately 9:58 a.m., Immigration and Customs Enforcement ("ICE")

14  Special Agent Roberts advised Defendant that marijuana had been found in his truck and that he was

15  under arrest. Special Agent Roberts then advised Defendant of his Miranda rights in the English

16  language with the assistance of an acknowledgment and waiver of rights form. Defendant stated that

17  he understood his rights and was willing to answer questions. Defendant then appeared to not

18  understand the term "waiver" on the rights waiver form. The term was explained to Defendant and he

19  invoked his right to counsel. At this point, all questioning of Defendant ceased. The advisement of

20  rights and Defendant's invocation were memorialized on a digital video disk ("DVD").

21                              **III**

22                      **POINTS AND AUTHORITIES**

23  **A.    PRODUCTION OF DISCOVERY AND PRESERVATION OF EVIDENCE**

24      The United States has and will continue to fully comply with its discovery obligations under

25  Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. § 3500), and Rule 16 of the Federal

26  Rules of Criminal Procedure. To date, the United States has produced 71 pages of discovery and a DVD

27  of Defendant's post-arrest interview.

28  //

1

### 1.      Defendant's Statements

The United States will disclose to Defendant the substance of any relevant oral statement made by Defendant, before or after arrest, in response to interrogation by a person Defendant knew was a government agent if the United States intends to use the statement at trial.  The United States will also disclose and make available for inspection, copying or photographing the following: (1) any relevant written or recorded statement by the defendant if the statement is within the United States' possession, custody, or control, and the attorney for the United States knows--or through due diligence could know--that the statement exists,[1/] (2) that portion of any written record containing the substance of any relevant oral statement made before or after arrest if Defendant made the statement in response to interrogation by a person Defendant knew was a government agent, and (3) Defendant's recorded testimony before a grand jury relating to the charged offense, if any.

### 2.      Arrest Reports and Notes

The United States has already produced to Defendant all reports and notes known to the United States relating to Defendant's arrest in this case and will continue to comply with its discovery obligations.

### 3.      Brady Material

The United States has complied and will continue to comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963).

### 4.      Prior Record

The United States has provided Defendant with a copy of Defendant's known prior criminal record under Rule 16(a)(1)(D).  See United States v. Audelo-Sanchez, 923 F.2d 129, 130 (9th Cir. 1990).  Should the United States determine that there are any additional documents pertaining to Defendant's prior criminal record, those will be promptly provided to Defendant.

//

//

---

[1/]      However, "the Government is not obligated by Rule 16(a) to anticipate every possible defense, assume what the defendant's trial testimony...will be, and then furnish the defendant with otherwise irrelevant material that might conflict with the defendant's testimony." United States v. Gonzalez-Rincon, 36 F.3d 859, 865 (9th Cir. 1994) (citation omitted).

1    **5.    404(b) Material**

2    The United States will disclose, in advance of trial, the general nature of any "other bad acts"

3    evidence that the United States intends to introduce at trial pursuant to Federal Rule of Evidence 404(b).

4    **6.    Evidence Seized**

5    The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing

6    Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all evidence seized that

7    is within its possession, custody, or control, and that is either material to the preparation of Defendant's

8    defense or is intended for use by the United States as evidence during its case-in-chief at trial, or was

9    obtained from or belongs to Defendant.

10    **7.    Preservation of Evidence**

11    The United States has no opposition to a preservation order.

12    **8.    Tangible Objects**

13    The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing

14    Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy tangible objects that

15    are within its possession, custody, or control, and that is either material to the preparation of Defendant's

16    defense or is intended for use by the United States as evidence during its case-in-chief at trial, or was

17    obtained from or belongs to Defendant.  The United States, however, need not produce rebuttal evidence

18    in advance of trial.  See United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

19    **9.    Witnesses**

20    The United States will provide a list of witnesses in its trial memorandum, including law

21    enforcement witnesses.  The grand jury transcript of any person who will testify at trial will also be

22    produced.

23    **10.    Jencks Act Material**

24    The United States will comply with its discovery obligations under the Jencks Act, Title 18,

25    United States Code, Section 3500, and as incorporated in Rule 26.2.

26    **11.    Giglio Material**

27    The United States has complied and will continue to comply with its discovery obligations under

28    Giglio v. United States, 405 U.S. 150 (1972).

**12.    Reports of Examinations and Tests**

The United States will provide Defendant with any scientific tests or examinations in accordance with Rule 16(a)(1)(F).

**13.    Henthorn Material**

The United States will comply with its obligations under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002) (citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992)). If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an in camera inspection and review.

**14.    Cooperating Witnesses**

At this time, the United States is not aware of any confidential informants or cooperating witnesses involved in this case. The Government must generally disclose the identity of informants where: (1) the informant is a material witness, and (2) the informant's testimony is crucial to the defense. Roviaro v. United States, 353 U.S. 53, 59 (1957). If there is a confidential informant involved in this case, the Court may, in some circumstances, be required to conduct an in camera inspection to determine whether disclosure of the informant's identity is required under Roviaro. See United States v. Ramirez-Rangel, 103 F.3d 1501, 1508 (9th Cir. 1997). If the United States determines that there is a confidential informant or cooperating witness who is a material witness with evidence helpful to the defense or essential to a fair determination in this case, the United States will either disclose the identity of the informant or submit the informant's identity to the Court for an in camera inspection.

**15.    Expert Witnesses**

The United States will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the United States intends to use during its case-in-chief at trial under Federal Rules of Evidence 702, 703 or 705.

//

1    **B.**      **LEAVE TO FILE FURTHER MOTIONS**

2         The United States does not oppose Defendant's request to file further motions if they are based

3 on new discovery or other information not available to Defendant at the time of this motion hearing.

4                         **IV**

5                   **CONCLUSION**

6         For the foregoing reasons, the United States respectfully requests that the Court deny

7 Defendant's motions except where unopposed.

8        DATED: April 8, 2008                Respectfully Submitted,

9                                       KAREN P. HEWITT
                                      United States Attorney

10

                                      */s/ Paul L. Starita*
11                                       PAUL L. STARITA
                                      Assistant U.S. Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

            08CR0802-JAH

1          UNITED STATES DISTRICT COURT

2          SOUTHERN DISTRICT OF CALIFORNIA

3    UNITED STATES OF AMERICA,          )          Case No. 08CR0802-JAH
                                        )
4                    Plaintiff,         )
                                        )
5            v.                         )
                                        )          CERTIFICATE OF SERVICE
6    JOSE JUAN FERNANDEZ,               )
                                        )
7                    Defendant.         )
     _____  )

8    IT IS HEREBY CERTIFIED THAT:

9          I, PAUL L. STARITA, am a citizen of the United States and am at least eighteen years of age.
10   My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

11         I am not a party to the above-entitled action.  I have caused service of United States' Response
     and Opposition to Defendant's Motions to: (1) compel discovery/preserve evidence; and (2) grant leave
12   to file further motions, together with statement of facts and memorandum of points and authorities on
     the following by electronically filing the foregoing with the Clerk of the District Court using its ECF
13   System, which electronically notifies them.

14         1.     David M. C. Peterson, Esq.
                  Federal Defenders of San Diego, Inc.
15

16         I hereby certify that I have caused to be mailed the foregoing, by the United States Postal
     Service, to the following non-ECF participants on this case:

17         1.     N/A.

18   the last known address, at which place there is delivery service of mail from the United States Postal
     Service.
19

20         I declare under penalty of perjury that the foregoing is true and correct.

21         Executed on April 8, 2008.

22                                          */s/ Paul L. Starita*
                                            PAUL L. STARITA

23

24

25

26

27

28