KAREN P. HEWITT
United States Attorney
PAUL L. STARITA
Assistant U.S. Attorney
California State Bar No. 219573
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6507
Email: paul.starita@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Criminal Case No. 08CR0802-JAH |
|---|---|
| Plaintiff, | ) DATE: May 27, 2007<br>) TIME: 8:30 a.m. |
| v. | ) |
| JOSE JUAN FERNANDEZ, | ) UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO: |
| Defendant. | ) |
| | ) (1) DISMISS INDICTMENT DUE TO ALLEGED UNCONSTITUTIONALITY OF DRUG STATUTES;<br>) (2) DISMISS DUE TO ALLEGED MISINSTRUCTION OF GRAND JURY;<br>) (3) PRESERVE / INSPECT EVIDENCE;<br>) (4) SUPPRESS STATEMENTS;<br>) (5) SUPPRESS EVIDENCE; AND<br>) (6) GRANT LEAVE TO FILE FURTHER MOTIONS. |
| | ) TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW, the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Paul L. Starita, Assistant United States Attorney, and hereby files its Response and Opposition to the defendant's above-referenced motions together with Statement of Facts and Memorandum of Points and Authorities. This Response and Opposition is based upon the files and records of the case.

//

**I**

**STATEMENT OF THE CASE**

On March 19, 2008, a federal grand jury in the Southern District of California returned a two-count Indictment charging defendant JOSE JUAN FERNANDEZ ("Defendant") with (i) importing approximately 52.40 kilograms (115.28 pounds) of marijuana into the United States in violation of 21 U.S.C. §§ 952 and 960, and (ii) possessing approximately 52.40 kilograms (115.28 pounds) of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(2). Defendant was arraigned on the Indictment on March 20, 2008, and pleaded not guilty.

**II**

**STATEMENT OF THE FACTS**

**A.   PRIMARY INSPECTION AREA**

On March 5, 2008, at approximately 6:30 a.m., Defendant, the driver and sole occupant of a 1986 Toyota pick-up truck bearing California license plates (# 4EWU768), attempted to enter the United States from Mexico through the Secure Electronic Network for Travelers Rapid Inspection ("SENTRI") lane number three at the San Ysidro, California, Port of Entry. Since Defendant was not authorized to use the SENTRI lanes, he was redirected to the standard primary inspection lanes. When Defendant arrived at the primary booth, he presented his I-551 Lawful Permanent Resident ("LPR") card to Customs and Border Protection ("CBP") Officer Exconde. CBP Officer Exconde explained to Defendant that he was not authorized to use the SENTRI lanes and referred Defendant and his vehicle to the Secondary Inspection Area for further processing.

**B.   SECONDARY INSPECTION AREA**

After arriving in the Secondary Inspection Area, Defendant presented his LPR card to CBP Officer Boutwell who asked Defendant a series of standard questions. Defendant stated that he was the owner of the Toyota pick-up truck, that he had bought the truck a couple of days before, and that he had nothing to declare. Upon inspection of the vehicle registration provided by Defendant, CBP Officer Boutwell believed it to be altered or counterfeit. As such, CBP Officer Boutwell requested that a narcotics detection dog screen Defendant's truck. The narcotics detection dog screened the truck and alerted to the front wall of the bed of the truck. CBP Officer Boutwell then lifted the camper shell off

1 the bed of the truck and discovered a non-factory compartment containing cellophane wrapped
2 packages. CBP Officer Garza completed the inspection of Defendant's truck and found 11cellophane
3 wrapped packages concealed in the non-factory compartment and 4 additional cellophane wrapped
4 packages concealed in the camper shell. CBP Officer Garza probed one of the packages and found a
5 green leafy substance. This substance field tested positive for the presence of marijuana.

6 Later this same morning, at approximately 8:55 a.m., CBP Officer Garza had a towing company
7 contractor remove the rear tires from Defendant's truck for further inspection. The rear tires of the truck
8 were cut open revealing 10 additional cellophane wrapped packages (5 in each tire). CBP Officers
9 found a total of 25 packages which were all wrapped in duct tape, cellophane, grease or oil, packaging
10 tape, and wrapping paper with Kyocera tape (depicting flowers). The total weight of these packages was
11 approximately 52.40 kilograms (115.28 pounds).

12 **C.    DEFENDANT'S POST-*MIRANDA* STATEMENT**

13 On this same day, at approximately 9:58 a.m., Immigration and Customs Enforcement ("ICE")
14 Special Agent Roberts advised Defendant that marijuana had been found in his truck and that he was
15 under arrest. Special Agent Roberts then advised Defendant of his Miranda rights in the English
16 language with the assistance of an acknowledgment and waiver of rights form. Defendant stated that
17 he understood his rights and was willing to answer questions. Defendant then appeared to not
18 understand the term "waiver" on the rights waiver form. The term was explained to Defendant and he
19 invoked his right to counsel. At this point, all questioning of Defendant ceased. The advisement of
20 rights and Defendant's invocation were memorialized on a digital video disk ("DVD").

21                                                     **III**

22                                       **POINTS AND AUTHORITIES**

23 **A.    DRUG STATUTES ARE CONSTITUTIONAL**

24 The Ninth Circuit has already squarely and repeatedly rejected the claim that Apprendi rendered
25 the federal drug laws, including 21 U.S.C. §§ 841, 952 and 960, facially unconstitutional. See, e.g.,
26 United States v. Jimenez, 300 F.3d 1166 (9th Cir. 2002); United States v. Marcucci, 299 F.3d 1156 (9th
27 Cir. 2002); United States v. Carranza, 289 F.3d 634, 643 (9th Cir. 2002); United States v. Buckland, 289
28 F.3d 558, 562 (9th Cir. 2002) (en banc); United States v. Mendoza-Paz, 286 F.3d 1104, 1109-10 (9th

1   Cir. 2002); <u>United States v. Varela-Rivera</u>, 279 F.3d 1174, 1175 n.1 (9th Cir. 2002) (recognizing that
2   <u>Buckland</u> foreclosed the argument that 21 U.S.C. §§ 841, 952 and 960 are unconstitutional); <u>United</u>
3   <u>States v. Hernandez</u>, 322 F.3d 592, 609 (9th Cir. 2003).

4        Sections 841 and 960 do not specify who shall determine drug type and amount, or what burden
5   of proof is required. As a result, two constructions of these statutes are possible; one which construes
6   drug type and amount as determinations to be made by the sentencing judge by a preponderance of the
7   evidence (a construction that poses constitutional problems under <u>Apprendi</u>), and an alternative
8   construction under which drug type and amount are findings to be made by the jury beyond a reasonable
9   doubt (a constitutionally valid construction).

10       Faced with these two competing interpretations, and in the absence of clear congressional intent,
11  the Ninth Circuit employed the constitutional avoidance doctrine. Under that doctrine, every reasonable
12  construction must be indulged in order to save a statute from unconstitutionality. <u>Buckland</u>, 289 F.3d
13  at 564. Thus, where an otherwise acceptable construction of a statute would raise "serious constitutional
14  problems," and where an alternative interpretation of the statute is "fairly possible," courts are obligated
15  to construe the statute to avoid such problems. <u>Id.</u> Because it is "fairly possible" to interpret drug type
16  and quantity as determinations required to be made by the jury, and because that interpretation is
17  constitutionally valid, the Ninth Circuit has interpreted 21 U.S.C. § 841 (as well as its "structurally
18  identical" counterpart, 21 U.S.C. § 960) as requiring the jury to determine drug type and quantity beyond
19  a reasonable doubt. <u>Buckland</u>, 289 F.3d 567-68; <u>Mendoza-Paz</u>, 286 F.3d at 1110.

20       Accordingly, the statutes under which Defendant is charged do not violate the <u>Apprendi</u> rule and
21  are constitutional. <u>Id.</u>

22       Additionally, the drug statutes do not require *mens rea* as to drug type and quantity. <u>See</u>
23  <u>Carranza</u>, 289 F.3d at 644. The Defendant offers no argument or authority in support of his position that
24  the indictment should be dismissed on this basis. Accordingly, the Defendant's motion should be
25  denied.

26  **B.     <u>THE GRAND JURY WAS PROPERLY INSTRUCTED</u>**

27       The United States incorporates by reference the United States' response and opposition regarding
28  this exact issue in <u>United States v. Martinez-Covarrubias</u>, Criminal Case No. 07CR0491-BTM. This

1 motion has been denied by each Court that has considered it. Also, the United States incorporates by
2 reference the Court's order denying the motion to dismiss in Criminal Case No. 07CR0491-BTM.
3 Further, this Court has repeatedly decided this exact issue and has held, in essence, that the arguments
4 made by Defendant are meritless. Accordingly, the Defendant's motion should be denied.

5 **C.    PRESERVE AND INSPECT EVIDENCE**

6 The United States will preserve all evidence and provide Defendant every opportunity to view
7 or inspect said evidence. Thus, the United States does not oppose the Court entering an order to
8 preserve evidence and to permit Defendant to inspect evidence.

9 **D.    SUPPRESS STATEMENTS**

10 In the instant case, Defendant invoked his rights and did not provide a statement to ICE agents.
11 Accordingly, the Defendant's motion should be denied as moot.

12 **E.    SUPPRESS EVIDENCE**

13 Defendant asserts that any search of any cellular phone found on his person at the time of his
14 arrest must be excluded as unreasonable searches under the Fourth Amendment. Defendant's position
15 is against the weight of authority on the subject across the country as well as the Ninth Circuit's most
16 recent holding in United States v. Arnold, 2008 U.S. App. LEXIS 8590 (9th Cir. April 21, 2008).

17 Defendant contends he had a reasonable expectation of privacy in the contents of his cellular
18 phone and any warrantless search of the phone without Defendant's consent was per se unreasonable.
19 The U.S. Court of Appeals for the Ninth Circuit recently addressed the concerns raised by Defendant
20 in this motion. In Arnold, the court held "that reasonable suspicion is not needed for customs officials
21 to search a laptop or other personal electronic storage devices at the border." 2008 U.S. App. LEXIS
22 8590 at *11. In this case, Defendant's cellular phone was seized incident to his arrest at the Calexico,
23 California West Port of Entry. Accordingly, any search of Defendant's cellular phone incident to his
24 arrest was valid under the Fourth Amendment.

25 In support of his position, Defendant primarily relies upon a single unpublished decision, United
26 States v. Park, 2007 U.S. Dist. LEXIS 40596 (N.D. Cal. May 23, 2007). In addition to being decided
27 prior to Arnold, the Park decision is contrary to the weight of authority on the subject. See United States
28 v. Finley, 477 F.3d 250, 259-60 (5th Cir.), cert. denied, 127 S. Ct. 2065, 167 L. Ed. 2d 790 (2007)

(denying motion to suppress call records and text messages retrieved from cell phone searched incident to arrest); United States v. Valdez, 2008 U.S. Dist. 9995 (E.D. Wis. Feb. 8, 2008) (upholding search of cell phone incident to arrest); United States v. Mercado-Nava, 486 F. Supp. 2d 1271, 1278-79 (D. Kan. 2007) (collecting cases upholding cell phone searches incident to arrest); United States v. Dennis, 2007 U.S. Dist. LEXIS 83892 (E.D. Ky. Nov. 13, 2007) (relying on Finley to uphold cell phone search incident to arrest); United States v. Lottie, 2007 U.S. Dist. LEXIS 95999 (N.D. Ind. Oct. 12, 2007) (upholding search of cell phone incident to arrest and based on exigent circumstances); United States v. Young, 2006 U.S. Dist. LEXIS 28141 (N.D. W. Va. May 9, 2006) (upholding search of cell phone where evidence showed that numbers could be erased or lost when phone was de-activated); United States v. Cote, 2005 U.S. Dist. LEXIS 11725 (N.D. Ill. May 26, 2005) (upholding seizure of the defendant's cell phone incident to arrest and accessing of the phone's call log, phone book and wireless web inbox).

Any search of Defendant's cellular phone was proper as incident to arrest at an international border. Defendant's request to exclude any evidence obtained from such a search should be denied.

**F.      LEAVE TO FILE FURTHER MOTIONS**

The United States does not oppose Defendant's request to file further motions if they are based on new discovery or other information not available to Defendant at the time of this motion hearing.

**IV**

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court deny Defendant's motions except where unopposed.

DATED: May 22, 2008          Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

*/s/ Paul L. Starita*
PAUL L. STARITA
Assistant U.S. Attorney

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| SOUTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | Case No. 08CR0802-JAH |
|                                     ) | |
|              Plaintiff,             ) | |
|                                     ) | |
|              v.                     ) | |
|                                     ) | CERTIFICATE OF SERVICE |
| JOSE JUAN FERNANDEZ,                ) | |
|                                     ) | |
|              Defendant.             ) | |
|                                     ) | |

IT IS HEREBY CERTIFIED THAT:

I, PAUL L. STARITA, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of United States' Response and Opposition to Defendant's Motions to: (1) compel discovery/preserve evidence; and (2) grant leave to file further motions, together with statement of facts and memorandum of points and authorities on the following by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1.    David M. C. Peterson, Esq.
           Federal Defenders of San Diego, Inc.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

    1.    N/A.

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2008.

                                        */s/ Paul L. Starita*
                                        PAUL L. STARITA