1  **DAVID M.C. PETERSON**
California State Bar No. 254498
2  FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
3  San Diego, California 92101-5008
Telephone: (619) 234-8467
4  david_peterson@fd.org

5  Attorneys for Mr. Fernandez

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10                  **(HONORABLE JOHN A. HOUSTON)**

11  UNITED STATES OF AMERICA,           )    Case No. 08cr0802-JAH
                                        )
12                    Plaintiff,        )    Date:   May 27, 2008
                                        )    Time:   8:30 a.m.
13  v.                                  )
                                        )    **REPLY TO UNITED STATES' RESPONSE**
14  JOSE JUAN FERNANDEZ                 )    **AND OPPOSITION TO MOTION TO**
                                        )    **SUPPRESS EVIDENCE**
15                    Defendant.        )
                                        )
16  ─────────────────────────────────────    ──────────────────────────────────────

17  TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY;
         PAUL STARITA, ASSISTANT UNITED STATES ATTORNEY
18

19        COMES NOW the accused, Jose Juan Fernandez, by and through his counsel, David M.C. Peterson

20  and Federal Defenders of San Diego, Inc., and hereby files his reply to the plaintiff's response and

21  opposition to his Motion to Suppress Evidence. This reply is based upon the files and records of this case,

22  the prior pleading, and the attached memorandum of points and authorities.

23  //

24  //

25  //

26  //

27  //

28  //

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### The Search of Mr. Fernandez' Cell Phone Was Not Incident to Arrest

The government argues in its response that the search of Mr. Fernandez' cell phone was incident to his arrest. This is wrong because the search was not contemporaneous to Mr. Fernandez' arrest. The Ninth Circuit has fastidiously enforced the requirement that, in order to be "incident" to an arrest, a search must actually be "contemporaneous" with that arrest. United States v. Vasey, 834 F.2d 782 (9th Cir. 1987) (thirty to forty-five minutes not contemporaneous), and United States v. Ramos-Oseguera, 120 F.3d 1028 (9th Cir. 1997) (search not contemporaneous where it occurred after intervening events) (overruled on other grounds by United States  v. Nordby, 225 F.3d 1053 (9th Cir. 2000)).

In Vasey, 834 F.2d at 787, the search occurred roughly thirty-five to forty minutes after the arrest, and the court therefore held that it was not contemporaneous with the arrest. In Ramos-Oseguera, 120 F.3d at 1036, the search of a car occurred after the arrest, and after the car had been towed. This also was not contemporaneous with the arrest. Of course a search need not be immediate upon a person's arrest to qualify as being "incident to that arrest. See, e.g., United States v. McLaughlin, 170 F.3d 889, 893 (9th Cir. 1999) (search five minutes after arrest was substantially contemporaneous with arrest). The passage of time and the actual circumstances surrounding the intervening events are critical to determining whether a search was incident to arrest. Vasey, 834 F.2d at 787; Ramos-Oseguera, 120 F.3d at 1036. Here, the agents simply searched Mr. Fernandez' cell phone well after his arrest, for the sole purpose of uncovering additional evidence.

Such a search, aside from not being contemporaneous with Mr. Fernandez' arrest, contravenes the principles guiding the exception to the warrant requirement imposed by the Fourth Amendment. The "fundamental principle" of the Supreme Court's jurisprudence regarding searches incident to arrest is that, "in order for a search incident to arrest to be reasonable as opposed to merely exploratory, it must be grounded in at least one of the rationales for which the exception was created: officer safety or the preservation of evidence." McLaughlin, 170 F.3d at 894 (Judge Trott, concurring) (citing New York v. Belton, 453 U.S. 454, 460 (1981); Chimel v. California, 395 U.S. 752, 768 (1969).

Neither officer safety nor loss of evidence can justify the search here.  Any evidence on the cell phone was preserved by virtue of the fact that the cell phone was in the exclusive custody of the government.  The electronic data retrieved from the cell phone was not any threat to officer safety.  The search was for "merely exploratory" purposes, and thus violated the most basic principles of the search incident to arrest doctrine.  McLaughlin, 170 F.3d at 894 (Judge Trott, concurring).  The agents arrested first Mr. Fernandez, and only later did they search his cell phone.  When they did so, they did not look for contraband or evidence that could be destroyed by Mr. Fernandez, or for any reasons related to officer safety.  Cf. Belton, 453 U.S. at 460; Chimel, 395 U.S. at 763.[1]  Instead, they wrote out a list of contacts and calls that had been made, in order to gather evidence for the case against Mr. Fernandez.  Nowhere does the search incident to arrest doctrine allow for such flagrant, warrantless evidence expeditions.

## II.
## Arnold Does Not Apply to Extended Border Searches

The government argues that the case of United States v. Arnold, 523 F.3d 941 (2008), allows the search of Mr. Fernandez' cell phone with no reasonable suspicion.  However, the search of Mr. Fernandez' cellular phone and its electronic contents was not a permissible border search.  "The border search doctrine is a narrow exception to the Fourth Amendment's usual requirement that searches be supported by a warrant approved by a magistrate and issued upon a showing of probable cause."  United States v. Abbouchi, 502 F.3d 850, 854 (9th Cir. 2007) (emphasis added) (citing United States v. Sutter, 340 F.3d 1022, 1025 (9th Cir. 2003)).  "It is firmly established that the right of the sovereign to search at the borders supersedes that of the individual's privacy rights and that border searches."  United States v. Soto-Soto, 598 F.2d 545, 548 (9th Cir. 1979).  However, this right "is not without qualification and limitation."  Id.

---

[1] The language creating the exception in Chimel demonstrates how far astray this search for electronic data in a cellular telephone went from the reasons guiding the exception the government argues for:

> When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be endangered, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction.

Chimel, 395 U.S. at 763.

08cr0802-JAH

1    The illegal search of Mr. Fernandez' phone can not now justified as a border search, because the

2    government allowed significant time to pass between the phone's entry at the border and the search. Once

3    that time had passed, the reasons justifying a border search had evaporated. The narrow border search

4    exception cited by the government has a temporal as well spatial limitation. United States v. Cardona, 769

5    F.2d 625 (9th Cir. 1985) ("the 'extended border search' doctrine has been applied to entry border searches

6    conducted some time after the border was crossed"); see also United States v. Alfonso, 759 F.2d 728 (9th

7    Cir. 1985) ("Although we have no difficulty in relating this site with the border, we shall [find it to be an

8    extended border search], because of the time factor"). Because of the time that passed between Mr.

9    Fernandez' entry and the search of the phone, it was simply not a "border search" of the type exemplified

10   in Arnold, 523 F.3d 941.

11   In Arnold, the defendant got off a plane, was going through customs, and his computer was among

12   the items searched at customs as he stood there watching. Id. at 943. Here, in contrast, the search of Mr.

13   Fernandez' cell phone after he had been arrested, taken away from the vehicle he was driving, interviewed,

14   processed, and paroled into the country for prosecution. As such, it was an extended border search, and

15   required reasonable suspicion. United States v. Sahanaja, 430 F.3d 1049, 1053 (9th Cir. 2005); Cardona,

16   769 F.2d at 628-29.

17                                              **III.**
18            **The Government Has Not Met Its Burden of Proving the Agents Had Reasonable Suspicion**

19   Because the search of Mr. Fernandez' cell phone was not incident to arrest, and was not a border

20   search, reasonable suspicion was required. Sahanaja, 430 F.3d at 1053; Cardona, 769 F.2d at 628-29. The

21   government nowhere claims that they had reasonable suspicion that the cellular phone found at the time of

22   Mr. Fernandez' arrest. They do not claim that it was in any way suspicious, and they simply have nothing

23   suspicious about the phone upon which to base that argument. As such, the search of Mr. Fernandez' cell

24   phone does not satisfy the requirements of an extended border search.

25   //

26   //

27   //

28   //

**IV.**

**<u>CONCLUSION</u>**

For these and all the foregoing reasons, the defendant, Mr. Fernandez, respectfully requests that this Court grant his motions and grant any and all other relief deemed proper and fair.

Respectfully submitted,

*/s/ David M.C. Peterson*

Dated: May 23, 2008        **DAVID M.C. PETERSON**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Fernandez

N:\Cases\BB\Fernandez\reply to opp to mtn to suppress.wpd

5                                           08cr0802-JAH

1  **CERTIFICATE OF SERVICE**

2          Counsel for Defendant certifies that the foregoing is true and accurate to the best information and

3  belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

4          Courtesy Copy to Chambers

5          Copy to Assistant U.S. Attorney via ECF NEF

6          Copy to Defendant

7  Dated:  May 23, 2008                           /s/ DAVID M. PETERSON
                                  Federal Defenders of San Diego,
8                                 225 Broadway, Suite 900
                                  San Diego, CA  92101-5030
9                                 (619) 234-8467  (tel)
                                  (619) 687-2666  (fax)
10                                david_peterson@fd.org (email)

11

12

13

14

15

16

17

18

19

20

21

22

23

24
    N:\Cases\BB\Fernandez\reply to opp to mtn to suppress.wpd
25

26

27

28