**DAVID M.C. PETERSON**
California State Bar No. 254498
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
david_peterson@fd.org

Attorneys for Mr. Fernandez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JOHN A. HOUSTON)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 08cr0802-JAH |
| Plaintiff, | ) ) | Date:   June 13, 2008 |
| v. | ) ) | Time:   8:30 a.m. |
| JOSE JUAN FERNANDEZ, | ) ) ) | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MR. FERNANDEZ' MOTIONS *IN LIMINE* |
| Defendant. | ) ) | |

TO:     KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
        PAUL STARITA, ASSISTANT UNITED STATES ATTORNEY

**I.**

**INTRODUCTION**

Mr. Jose Juan Fernandez is charged by indictment with violating 21 U.S.C. §§ 952 and 960, Importation of Marijuana, and 21 U.S.C. §841(a)(1), possession with intent to distribute. Relevant background facts for his pre-trial motions were set out in a prior pleading and are incorporated by reference herein.

//
//
//

## II.

## **EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS SHOULD BE PRECLUDED.**

The Federal Rules of Evidence require the government to give the defense notice of its intent to use 404(b) evidence of other crimes, wrongs, or acts by Mr. Fernandez. With the exception of "TECS" evidence, discussed in Mr. Fernandez' Response and Opposition to the Government's Motions *In Limine*, Mr. Fernandez has not received notice of any such evidence, thus it should be excluded.

Additionally, Federal Rule of Evidence 609 allows prior convictions to be introduced for the purpose of attacking the credibility of a witness. This rule allows the admission of evidence that an accused has been convicted of a crime, punishable by death or imprisonment in excess of one year under the law, if it is more probative than prejudicial. Evidence that any witness has been convicted of a crime may also be admitted, if it involved dishonesty or false statement, regardless of the punishment. Mr. Fernandez has not been notified of any impeachment evidence pursuant to Rule 609 or Rule 608. Therefore, introduction of any impeachment evidence under Rule 609 or Rule 608 would be unduly prejudicial and should thus be barred.

## III.

## **MR. FERNANDEZ' COUNSEL SHOULD HAVE THE OPPORTUNITY TO VOIR DIRE THE JURY**.

Pursuant to Fed. R. Crim. P. 24(a), to provide effective assistance of counsel and to exercise Mr. Fernandez' right to trial by an impartial jury, defense counsel requests the opportunity to personally voir dire the prospective members of the jury.

## IV.

## **THIS COURT SHOULD EXCLUDE ANY EXPERT TESTIMONY DESCRIBING THE STRUCTURE OF SUPPOSED DRUG SMUGGLING ORGANIZATIONS, AS IT IS IRRELEVANT, IMPROPER UNDER FRE 702 AND 703, AND UNDULY PREJUDICIAL UNDER FRE 403.**

Under this Circuit's precedent United States v. Vallejo, 237 F.3d 1008 (9th Cir. 2001), and United States v. McGowan, 274 F.3d 1251 (9th Cir. 2001), structure testimony may not be permitted in this trial. This sort of "expert" testimony not only fails the balancing test set forth by FRE 403, but also is irrelevant and an abuse of discretion under FRE 401. Vallejo, 237 F.3d at 1017. The government has not charged Mr. Fernandez with conspiracy. No evidence whatsoever suggests that a vast drug trafficking network played any role in the instant offense. Any attempt to connect Mr. Fernandez to a vast drug empire that has not been

alleged and has not been proven violates FRE 401, 403, and Ninth Circuit case law. A motion *in limine* excluding such evidence should be granted accordingly.

## V.

**THE PRESENCE OF MARIJUANA IN THE COURTROOM IS HIGHLY PREJUDICIAL, MINIMALLY PROBATIVE AT BEST, AND THUS PROPERLY PRECLUDED UNDER FRE 403.**

At trial, the government may insist on presenting the actual bags of marijuana seized to the jury. In this particular case, in which Mr. Fernandez's knowledge of the drugs is the only contested issue, this evidence is highly inflammatory yet has virtually no probative value as to any fact in dispute. It must be excluded under FRE 403.

FRE 403 asserts that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Presentation of the marijuana seized in this case to the jury runs afoul of this evidentiary rule.

It is feared that the government may attempt to inflame the passions of the jury through gratuitous display of the marijuana seized in this case. In the past, some Assistant United States' Attorneys have taken every opportunity to handle bags of marijuana, passing them before the jury, and moving them about the courtroom. A few have gone so far as to wear blue chemical resistant gloves when handling narcotic substances, further attempting to poison the jury through dramatics. This physical evidence has no place at this trial. Because the presence of marijuana seized is undisputed in this case, there is simply no reason to bring this physical evidence into the courtroom. This lack of probative value, however, stands in contrast to the highly prejudicial nature of this contraband. Many jurors will no doubt be scandalized by the nature of the drugs involved in this case. In sum, this evidence proves no issue that is in dispute, yet threatens to badly prejudice Mr. Fernandez. For these reasons, Mr. Fernandez respectfully requests that this evidence be excluded from trial.

## VI.

**THE COURT SHOULD PRECLUDE EVIDENCE OF A PERSONAL USE SCALE COCAINE RESIDUE ALLEGED TO BE FOUND IN THE TRUCK**

The government has produced in discovery what appear to be the results from a laboratory analysis performed on a small digital scale found in the vehicle seized on the day of Mr. Fernandez' arrest. Allegedly, the scale contained a residue of cocaine, methamphetamine, caffeine and "diltiazem." The government has stated no basis for why evidence of paraphernalia relating to a different type of drug would be relevant to prove Mr. Fernandez' knowledge of approximately 50 kilograms of marijuana concealed in a non-factory compartment between the passenger area of the pickup truck and the camper shell. This is because it is completely irrelevant. The government is attempting to do introduce it without complying with the strictures of 404(b), despite the fact that such evidence is clearly 404(b) under Ninth Circuit case law. In addition, the evidence is irrelevant, yet highly prejudicial, and therefore inadmissible under Federal Rules of Evidence 402 and 403. As such, the court should grant Mr. Fernandez' motion *in limine* to preclude its introduction.

      A.    <u>The Personal Use Paraphernalia Is "Backdoor" 404(b) Evidence That Does Not Meet the Requirements for 404(b) evidence.</u>

Possession of a personal use quantity of drugs at the time of arrest for possession of a distributable amount evidence is 404(b) evidence, requiring the government to follow the strictures of that rule. <u>United States v. Vizcarra-Martinez</u>, 66 F.3d 1006, 1012 (9th Cir. 1995) (admission of personal use amount of methamphetamine in trial for possession of methamphetamine precursor, without conducting 404(b) analysis, constituted abuse of district court's discretion). Indeed, this type of evidence is "precisely the type of abuse that Rule 404 was designed to prevent; bad act evidence cannot be used to prove a defendant's propensity to commit a crime." <u>Id.</u> at 1005 (citing <u>United States v. Mehrmanesh</u>, 689 F.2d 822, 830 (9th Cir. 1982)).

      1.    The 404(b) rules have not and cannot be met.

As an initial matter, the government has provided no notice that it intends to use the scale with cocaine residue as 404(b) evidence, and it must thus be precluded. Further, the government has not provided a "precise evidential hypothesis" under which the other acts evidence may be introduced. <u>Mermanesh</u>, 689 F.2d at 830. Finally, the government must prove that its proposed 404(b) evidence:

(1) proves a material element of the offense for which the defendant is now charged;
(2) is similar to the charged conduct;
(3) is based upon sufficient evidence; and
(4) is not too remote in time.

<u>United States v. Houser</u>, 929 F.2d 1369, 1373 (9th Cir. 1990). It has done none of these things.

Although the government has made no attempt to prove any of these things, it most importantly will not be able to prove that possession of paraphernalia indicating possible personal use of cocaine is "similar" to either charge against him. It is not similar. Vizcarra-Martinez, 66 F.3d at 1013 (possession of methamphetamine is not similar to conspiracy to possess a precursor to methamphetamine); see also United States v. Hill, 953 F.2d 452 (9th Cir. 1991) (evidence that defendant had used cocaine prior to a drug transaction could not be admitted as evidence to convict him of conspiracy and attempt to possess with intent to distribute cocaine). Againt, the "act" at issue here is even less similar to the act in Hill, since the act there involved the same type of drug at the exact same time. Here, the government is seeking to introduce Mr. Fernandez' alleged bringing into the country of a scale indicating personal use to reference back to possible earlier drug use. The evidence is base propensity evidence, and must be excluded.

Finally, 404(b) contains a presumption against admissibility:

> Extrinsic act evidence is not looked upon with favor." We have stated that "[o]ur reluctance to sanction the use of evidence of other crimes stems from the underlying *1014 premise of our criminal system, that the defendant must be tried for what he did, not for who he is." Thus, "guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing.

United States v. Bradley, 5 F.3d 1317, 1320 (9th Cir. 1993).

        2.       The paraphernalia is "other acts" evidence despite any coincidence in time.

The government cannot argue that merely because the paraphernalia with cocaine residue was found at the same time, it is not "other acts" evidence. Vizcarra-Martinez, 66 F.3d at 1013 ("Coincidence in time is insufficient. The mere fact that a defendant is in possession of a small amount of a prohibited narcotic substance at the time he commits a crime is not enough to support the introduction of the evidence of drug usage").

    B.    <u>The Personal Use Paraphernalia Is Irrelevant, and Must Be Excluded Under Rule 402.</u>

Possession of paraphernalia related to personal use of cocaine simply does not have any logical connection to the charges against Mr. Fernandez—importation and possession with intent to distribute. This is particularly so given that the two drugs are completely different. Vizcarra-Martinez precludes admission of a personal use amount of even the <u>same</u> drug in Mr. Fernandez' possession. Id. at 1013 ("there exists no logical connection between the knowledge that the defendant might have gained by using methamphetamine

and the knowledge that the government must prove that he possessed at the time of his arrest"). Because the evidence is irrelevant to prove Mr. Fernandez' knowledge of the marijuana in the vehicle, the personal use paraphernalia must be precluded.

The government has not shown why the evidence of the paraphernalia in the cab of the truck is relevant to Mr. Fernandez' knowledge of the marijuana in a secret compartment behind the passenger area of the truck. There is no theory of relevance that can support the introduction of the personal use paraphernalia.

C.    The Cocaine Residue Is Highly Prejudicial, and Must Be Excluded Under Rule 403.

The Ninth Circuit has stated that "[e]vidence that a defendant uses drugs is highly prejudicial." Plainly and simply, the introduction of the personal use paraphernalia would have an irreversible prejudice, despite the fact that it has no probative value. Therefore, if not precluded under Rules 402 and 404(b), it must be precluded under Rule 403. In United States v. McLister, 608 F.2d 785, 790 (9th Cir .1979), the Ninth Circuit held that even assuming that evidence of marijuana use was relevant and proper as 404(b) evidence, it was still unduly prejudicial, and should be precluded under Rule 403. Here, evidence suggesting personal use of cocaine would so highly prejudice the jury as to make it impossible for them to render a fair verdict based upon admissible evidence. Vizcarra-Martinez, 66 F.3d at 1017.

## VII.

### THE COURT SHOULD PRECLUDE ADMISSION OF DOCUMENTS NOT YET PRODUCED IN DISCOVERY, AND SHOULD REQUIRE THE GOVERNMENT TO COMPLY WITH THE NOTICE REQUIREMENTS OF RULE 12(b)(4)(B).

Mr. Fernandez has made a number of discovery requests in this case, including for production of relevant documents. See Fed. R. Crim. P. 16(a)(1)(E). He now moves that the Court prohibit introduction at trial of any documents not yet produced in discovery. Section (d)(2) of Rule 16 allows this Court to impose sanctions when a party fails to comply with Rule 16. Specifically, under Rule 16(d)(2)(C), this Court can "prohibit that party from introducing the undisclosed evidence." Furthermore, pursuant to Federal Rule of Criminal procedure 12(b)(4)(B), Mr. Fernandez requests that the Court order the government to provide him with prompt notice of its intention to use any discoverable evidence in its case-in-chief.

## VII.

### THIS COURT SHOULD ORDER PRODUCTION OF SUPPLEMENTAL REPORTS.

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure and upon request of the defense, the government has a duty to turn over any reports in its possession that are material to the preparation of the defendant's defense. The defense requested such reports in its motion for discoveryMr. Fernandez requests disclosure of any "supplemental reports" generated in this case. It has come to Mr. Fernandez's attention that the government's recent practice is to not disclose"supplemental reports." These reports generally memorialize later investigation of the case and can include information that confirms a defendant's statements made at the border. Mr. Fernandez believes that any such report is discoverable under Brady and Rule 16. Additionally, pre-trial disclosure will avoid unnecessary delay at trial should the reports become producible under Jencks. See, e.g, Fed. R. Crim. P. 26.2(d). If the government contends that any "supplemental report" generated in this case is not discoverable, Mr. Fernandez requests that the Court view this report *in camera.*

## VIII.

## THIS COURT SHOULD EXCLUDE POVERTY EVIDENCE.

It is impermissible for the prosecution to elicit testimony or to comment in any fashion upon the difficult financial circumstances of the defendant. Such comments regarding poverty are forbidden. United States v. Romero-Avila, 210 F.3d 1017, 1022 n.2 (9th Cir. 2000). Specifically, Mr. Fernandez seeks to exclude references to the amount of money found on his person at the time of his arrest.

Even before the Romero-Avila case, this Circuit had concluded as much. In United States v. Mitchell, 172 F.3d 1104 (9th Cir. 1999), the defendant was convicted of bank robbery and, at trial, the prosecution offered evidence that the defendant was poor to prove the defendant's motive to commit the bank robbery. In reversing the conviction, the court stated that:

> Poverty as proof of motive has in many cases little tendency to make theft more probable. Lack of money gives a person an interest in having more. But so does desire for money, without poverty. A rich man's greed is as much a motive to steal as a poor man's poverty. Proof of either, without more, is likely to amount to a great deal of unfair prejudice with little probative value.

Id. at 1108-09. To be admissible, the court stated that the poverty evidence must be accompanied by something more, such as an "unexplained, abrupt change in circumstances." Id. at 1108-09. Ninth Circuit precedent suggests that poverty evidence is only admissible if accompanied by evidence of a specific and immediate financial need. See United States v. Jackson, 882 F.2d 1444, 1453 (9th Cir. 1989) (Reinhardt, J., dissenting); see also id. at 1450 (majority opinion) (noting that "poverty alone does not indicate a motive to

commit, or the commission of, a crime"); see also United States v. Bensimon, 172 F.3d 1121, 1129 (9th Cir. 1999) (fact that defendant in bankruptcy at time crime committed does not demonstrate particular need for money); Mitchell, 172 F.3d 1104, 1108-09 (9th Cir. 1999) (evidence of poverty, absent "an unexplained abrupt change of circumstances," is inadmissible to prove motive); United States v. Grissom, 645 F.2d 461, 469 n.11 (5th Cir. 1981) ("[I]t is almost always grossly improper for any lawyer representing the United States government to comment on the **indigency** of a defendant") (emphasis added).

"Poverty comments" may not be made even when the evidence commented upon is admitted by the defense. Romero-Avila, 210 F.3d 1017, 1022 and n.2 (9th Cir. 2000). Romero-Avila specifically rejected the very argument that the defendant is barred from challenging comments upon improper poverty testimony because he elicited it during cross-examination, and held that the government's comments were plain error. As such, regardless of any evidence proffered by the defendant as to his financial circumstances, any reference to the defendant's financial situation must be excluded.

### IX.

### THIS COURT SHOULD EXCLUDE EVIDENCE OF MR. FERNANDEZ' DEMEANOR AND THE "IMPRESSIONS" OF THE GOVERNMENT WITNESSES.

Government witnesses may opine that Mr. Fernandez was nervous when he interacted with agents after he was stopped or otherwise comment on his alleged demeanor. The defense files this motion to prevent the government's introducing this or any other demeanor evidence at trial.

**A.   Such Evidence Should Be Precluded Under Federal Rule of Evidence 403 Because Testimony That Someone Was "Nervous" Is Irrelevant and Overly Prejudicial.**

Rule 403 allows the Court to exclude relevant evidence if the "[p]robative value is substantially outweighed by danger of unfair prejudice." Lay witness testimony regarding nervousness, absent some prior knowledge of the defendant, has minimal, if any, relevance. United States v. Wald, 216 F.3d 1222, 1227 (10th Cir. 2000) (en banc) (evidence of nervousness "is of limited significance"[,] "particularly when [the agent] had no prior acquaintance with the [defendant]."); United States v. Fernandez, 18 F.3d 874, 879 (10th Cir. 1994) ("We have repeatedly held that nervousness is of limited significance in determining reasonable suspicion and that the government's repetitive reliance on the nervousness . . . must be treated with caution"); see also Gall v. Parker, 231 F.3d 265, 292 (6th Cir. 2000) (testimony that Gall seemed "nice [and] normal" and "not nervous" error because—"we have long been skeptical of such lay testimony"); United States v.

Burks, 547 F.2d 968, 970 (6th Cir. 1976) (stating that lay testimony that defendant did not appear "abnormal" by persons "who had very limited opportunity to observe" him had little value), rev'd on other grounds, 437 U.S. 1, 98 S. Ct. 2141 (1978); United States v. Smith, 437 F.2d 538, 540-41 (6th Cir. 1970) (lay testimony as to mental state lacks probative value when a witness' "direct knowledge of the defendant is brief and superficial").[1]

The reasoning underlying the minimal significance accorded to "nervousness" is that courts recognize that "nervousness" has both an innocent and a guilty explanation because people confronted with law enforcement often exhibit signs of nervousness, without having done anything wrong. See, e.g., Chavez-Valenzuela, 268 F.3d at 725 ("Encounters with police are necessarily stressful for law-abiders and criminals alike"); United States v. Fuentes-Cariaga, 209 F.3d 1140, 1142 (9th Cir. 2000) (recognizing that "drivers stopped at the border (or anywhere else) can be nervous for many reasons, one being a natural unease when confronted by an authority figure and another being fear of getting caught with contraband the person knows he is carrying"); accord Wald, 208 F.3d at 907 (it is not uncommon for most citizens, even innocent ones, to exhibit signs of "innocuous" nervousness when confronted by a law enforcement); Fernandez, 18 F.3d at 879 (same).

It is well-established that jurors will assign undue weight to a law enforcement officer's testimony that an individual was "nervous" and equate nervous behavior with suspicious behavior. See, e.g., United States v. Gutierrez, 995 F.2d 169, 172 (9th Cir. 1993) (testimony of law enforcement officers "'often carries an aura of special reliability and trustworthiness,'") (quoting United States v. Espinosa, 827 F.2d 604, 613 (9th Cir. 1987)). It is also true that, as is previously recognized, testimony that someone is "nervous" in the presence of law enforcement, is ambiguous. For these reasons, evidence that someone was "nervous" should fall in the same category as evidence that an individual remained silent when confronted with law enforcement accusation. That silence evidence, apart from any constitutional protection, is also inadmissible pursuant to

---

[1] In both Gall and Smith, mental state was the defense, and it was deemed error to have lay witnesses, without prior knowledge of the defendant, opine that he appeared "not nervous," Gall, 231 F.3d at 292, or that "he did not appear abnormal," Smith, 437 F.2d at 540. Similarly, here, where a distinct mental state, knowledge, is the determinative issue, permitting witnesses without expertise and with no prior knowledge of Mr. Fernandez to testify to the converse—that is, that he *was* nervous—is equally erroneous.

FED. R. OF EVID. 403. United States v. Hale, 422 U.S. 171 (1975). Thus, any slight probative value which could exist is insufficient to justify its admission.

**B.    Admission of Nervousness Testimony Violates Rules 701 & 704(b).**

Admission of demeanor evidence should be excluded if it is couched in terms of a law enforcement witness' personal opinion about Mr. Fernandez's behavior, i.e., "he was nervous." An inspector or agent's personal opinion is irrelevant and such opinion testimony based on no prior knowledge of the defendant and upon a very limited observation opportunity, violates Rule 701. Rule 701 provides that a lay witness can only testify to opinions or inferences that are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or to the determination of a fact in issue and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See also Gonzalez-Rivera v. INS, 22 F.3d 1441, 1447 (9th Cir. 1994) (holding that an INS agent's testimony at a suppression hearing that an individual was nervous must be disregarded because it was not based upon "reliable, objective evidence").

**X.**

**THIS COURT SHOULD COMPEL PRODUCTION OF THE GRAND JURY TRANSCRIPTS.**

The Court should make the grand jury transcripts available when the defense can show a particularized need. There is a particularized need in this case if a witness who testified before the grand jury will also testify at the trial of Mr. Fernandez. The government must produce a transcript of a witness' testimony before the grand jury following the direct examination of the witness at trial. 18 U.S.C. § 3500; Dennis v. United States, 384 U.S. 855 (1966); FED. R. CRIM. P. 26.2(f)(3). The defense requests that the government make such transcripts available in advance of trial to facilitate the orderly presentation of evidence and to remove any need for a recess in the proceedings for defense counsel to examine the statement pursuant to Federal Rule of Criminal Procedure 26.2(d).

Furthermore, to the extent that any of the grand jury testimony in this case is in any way inconsistent with the testimony adduced at trial, the grand jury testimony constitutes exculpatory impeachment evidence. See Giglio v. United States, 405 U.S. 150 (1972). As discussed above, such evidence would be admissible as an adoptive admission pursuant to Rule 801(d)(2). At a minimum, this court should conduct an *in camera*

review of the grand jury testimony and order the transcript produced if it contains any testimony that might be <u>Brady</u> material or otherwise subject to production as explained above.

## XI.
## CONCLUSION

For the foregoing reasons, Mr. Fernandez respectfully requests that this Court grant these motions *in limine*, as well as these other motions for trial.

Respectfully submitted,

DATED: June 2, 2008

s/ *David M.C. Peterson*
**DAVID M.C. PETERSON**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Fernandez
david_peterson@fd.org