**DAVID M.C. PETERSON**
California State Bar No. 254498
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
david_peterson@fd.org

Attorneys for Mr. Fernandez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JOHN A. HOUSTON)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>JOSE JUAN FERNANDEZ,<br><br>        Defendant. | Case No.: 08cr0802-JAH<br><br>Date: June 13, 2008<br>Time: 8:30 a.m.<br><br>RESPONSE AND OPPOSITION TO GOVERNMENT'S MOTIONS IN LIMINE TO:<br><br>(A) EXCLUDE ALL WITNESSES EXCEPT CASE AGENT;<br>(B) PROHIBIT REFERENCE TO PUNISHMENT, ETC.;<br>(C) PRECLUDE SELF-SERVING HEARSAY TESTIMONY;<br>(D) LIMIT CHARACTER EVIDENCE;<br>(E) PRECLUDE EVIDENCE OF DURESS AND NECESSITY;<br>(F) ADMIT EXPERT TESTIMONY BY THE UNITED STATES;<br>(G) PRECLUDE EXPERT TESTIMONY BY DEFENSE;<br>(H) ADMIT "404(B)" EVIDENCE; AND<br>(I) PRODUCE RECIPROCAL DISCOVERY. |

TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
         PAUL STARITA, ASSISTANT UNITED STATES ATTORNEY

**I.**

**STATEMENT OF FACTS**

Mr. Jose Juan Fernandez is charged by indictment with violating 21 U.S.C. §§ 952 and 960, Importation of Marijuana, and 21 U.S.C. §841(a)(1), possession with intent to distribute. Relevant background facts for his pre-trial motions were set out in a prior pleading and are incorporated by reference herein.

## II.

## RESPONSE TO THE GOVERNMENT'S MOTIONS *IN LIMINE*

**A.     PRECLUDE ALL WITNESSES EXCEPT CASE AGENT**

The defense has no objection to the case agent being ruled an essential party. However, Mr. Fernandez requests that the defense investigator be allowed in the courtroom for the same reason.

**B.     PROHIBIT REFERENCE TO PUNISHMENT, ETC.**

However, Mr. Fernandez objects to wholesale preclusion of evidence related to Mr. Fernandez' "health, age, finances, [and] education" as irrelevant. To the extent that such information is relevant at trial, it should be admitted. A pretrial ruling precluding any reference to Mr. Fernandez' health, age, finances or education would be overbroad, uncalled for, premature, and will hinder his right to put on a defense. Any evidence that Mr. Fernandez introduces as to these or other matters will comply with the Rules of Evidence.

**C.     PRECLUDE SELF-SERVING HEARSAY**

The government argues that Mr. Fernandez should not be allowed to enter self-serving hearsay. Mr. Fernandez agrees with that limited proposition. However, should the government seek to introduce any part of his statement, the jury should hear the entire statement, under Rule 106 of the Federal Rules of Evidence.

**D.     LIMIT CHARACTER EVIDENCE**

Any character evidence that Mr. Fernandez offers will be offered in compliance with the Rules of Evidence.

**E.     PRECLUDE EVIDENCE OF DURESS AND NECESSITY**

Mr. Fernandez will only offer evidence regarding duress or necessity if he feels that he has a good faith basis for so doing.

**F.     ADMIT EXPERT TESTIMONY BY THE UNITED STATES**

At the writing of these motions, the defense has received no information about the government's possible expert witnesses, and thus the government has not complied with the rules of evidence. The government has not shown that its proposed testimony is (1) based upon sufficient facts or data, (2) "the product of reliable principles and methods," and (3) that its proposed witness has "applied the principles and methods reliably to the facts of the case." Fed.R.Evid. 702. As such, Mr. Fernandez objects to any expert testimony due to failure to comply with Fed.R.Evid. 702 and Fed.R.Crim.P. 16. Further, Mr. Fernandez reserves the right to raise future objections should this court allow such testimony.

**1.    Evidence Regarding the Value of the Marijuana**

Evidence regarding the wholesale value of the marijuana may be relevant. However, any reference to the retail or "street" value of the marijuana is irrelevant and more prejudicial than probative. The government has indicated no evidence that there was any plan or intent by Mr. Fernandez to sell marijuana at a retail level. The evidence is merely an attempt to connect Mr. Fernandez to a vast drug trafficking conspiracy that reaches the streets of America for which there is no evidence. The government has not charged Mr. Fernandez with conspiracy, either to import marijuana, or to distribute marijuana, and thus the street value of marijuana is merely an attempt to inflame the prejudices of the jury. Because it is more prejudicial than probative, it should be precluded.

Mr. Fernandez objects to value testimony for two further reasons: (1) to the extent that this testimony seeks to comment on the defendant's mental state, it is admissible under of Fed. R. Evid. 704; and (2) any "value expert" actually would intend to introduce "structure" testimony that directly conflicts with the recent Ninth Circuit decisions United States v. McGowan, 274 F.3d 1251 (9th Cir. 2001), and United States v. Vallejo, 237 F.3d 1008 (9th Cir. 2001). Under clear Ninth Circuit precedent, this sort of expert testimony is inadmissible and invites reversible error. It should be excluded as a result.

    a.    Any Testimony Asserting That Mr. Fernandez Must Have Possessed Knowledge of the Marijuana in the Vehicle Because of its Supposed Street Value Violates Fed. R. Evid. 704 and must Be Excluded.

One of the major reasons that the government often seeks to introduce value expert testimony is to demonstrate that the defendant must have known of the presence of drugs in the car. Because the drugs are valuable, the argument runs, drug smugglers would not entrust them to unknowing couriers. The Federal

Rules of Evidence and controlling case law, however, specifically forbid this chain of inference in the form of expert testimony.

Fed. R. Evid. 704 provides:

> No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

Ninth Circuit case law holds that this rule applies any time an expert seeks to opine on a defendant's knowledge, willfulness, or other mental state. See United States v. Morales, 108 F.3d 1031, 1036 (9th Cir. 1997) ("[t]he language of Rule 704(b) is perfectly plain. It does not limit its reach to psychiatrists and other mental health experts. Its reach extends to all expert witnesses"); United States v. Webb, 115 F.3d 722 (9th Cir. 1997) (holding it impermissible under Fed. R. Evid. 704(b) for expert to testify, even in hypothetical form, whether defendant knew of weapons concealed in car).

Indeed, knowledge, the primary contested issue in this trial, is a mental state. Any proposed expert who would opine—directly or indirectly—that Mr. Fernandez must have known that his vehicle contained cocaine and marijuana testifies to his mental processes or condition. Whatever the form, the government may not use the trappings of "expertise" to bolster speculation on Mr. Fernandez' alleged knowledge. This testimony is expressly forbidden by Fed. R. Evid. 704 and by Ninth Circuit law. Drug value testimony must not be used to circumvent these established evidentiary rules.

    b. Any "Value Expert" Actually Seeks to Sneak Forbidden "Structure Testimony" into this Trial in Contravention of *United States v. McGowan* and *United States v. Vallejo*.

Even if a government expert is allowed to testify in this trial at all, the specific testimony regarding value must be excluded. This proposed opinion is nothing more than "structure testimony" offered through a value expert. It invites reversible error as a result.

In United States v. Vallejo, 237 F.3d 1008 (9th Cir. 2001), the Ninth Circuit held that structure testimony is inadmissible in a non-complex, non-conspiracy drug smuggling case. As the court wrote, "*To admit this testimony on the issue of knowledge, the only issue in the case, was unfairly prejudicial, and an abuse of discretion under Rule 403.*" Id. at 1017. More recently, the Ninth Circuit affirmed the teaching of Vallejo in United States v. McGowan, 274 F.3d 1251 (9th Cir. 2001). In McGowan, the Court again

reversed a district court judge for admitting such expert testimony, holding that it amounted to an abuse of discretion under Fed. R. Evid. 403. Id.

Such value testimony runs afoul of McGowan and Vallejo. Any testimony -- direct or indirect -- as to the responsibility of drivers due to the value of the drugs contained within the car presupposes a compartmentalized, organized drug smuggling network. It assumes that the drivers know that drugs exist in the vehicles, and couches the endeavor in terms of a "job" willingly taken on by the driver of the car. This testimony essentially seeks to assume out of existence the key issue in this trial: whether Mr. Calderon knew that drugs were in the vehicle. Such testimony is improper, and should not be allowed here. It must be excluded.

### 2. Evidence Regarding the *Modus Operandi* of Drug Couriers

As already noted, the government has not made any showing that its proposed evidence is admissible under Rule 702. As such, it should be precluded. In addition, the government acknowledges that its motion is premature because it could at most introduce such testimony if the defense opened the door to such testimony. The government seeks a pretrial ruling stating that Mr. Fernandez opens the door to such testimony by stating or raising the inference that he was an unknowing courier. Such a broad ruling would be contrary to Ninth Circuit case law. United States v. Vallejo, 237 F.3d 1008 (9th Cir. 2001). In Vallejo, the defendant testified at length about how and why he ended up being an unknowing courier. The Ninth Circuit held that the introduction of expert testimony "concerning the modus operandi of drug trafficking organizations was not relevant to the Government's case . . ." Id. at 1017.

The government's possible limitation of its testimony to the "facts" or expert opinion "(1) that drug traffickers typically do not entrust large amounts of drugs or money to unknowing couriers; and (2) that couriers, such as Defendant do not typically participate in the loading or unloading of narcotics" does not make it admissible. This court should not be persuaded by this, and should abide by the holding in Vallejo: "expert testimony regarding the general structure and operations of drug trafficking organizations is inadmissible where the defendant is not charged with a conspiracy to import drugs or where such evidence is not otherwise probative of a matter properly before the Court." Id. at 1012.

While Vallejo stated in a footnote did not express an ultimate opinion on the admissibility of "'unknowing courier' testimony, in which a law enforcement official testifies that certain drug traffickers do

not entrust large quantities of drugs to unknowing transporters." United States v. Vallejo, 246 F.3d 1150 (9th Cir. 2001) (adding footnote to Vallejo opinion), this footnote also makes it clear that the Ninth Circuit has not held such testimony to be admissible, particularly in non-complex cases involving relatively small amounts of marijuana.

First, because the quantity of marijuana here was relatively small, such testimony would be inappropriate, and the cases cited by the government do not state otherwise. Second, the government has not provided any evidence of what type of drug trafficking organization was involved in transporting the marijuana at issue here into the United States. Thus, the expert testimony would at the very least have to establish that this case was among the "certain" drug trafficking organizations that do not entrust large quantities of drugs to unknowing transporters. Vallejo, 246 F.3d 1150. This can best be done before trial through a hearing under Kumho Tire Co., 526 U.S. at 150, precisely what the government believes is necessary before any expert testimony by the defense is admitted. Government Motions *In Limine* at 13.

The government cites three cases in support of the premature admission of its proposed expert testimony. The first, United States v. Murillo, 255 F.3d 1169 (9th Cir. 2001), certainly does not provide for general admissibility of expert testimony regarding drug smuggling organizations' use of unknowing couriers. An important distinction that the government completely ignores is the fact that the driver in Murillo was caught carrying over one million dollars worth of cocaine and methamphetamine. Id. at 1173. Further, the case was not a border case. Id. at 1172. Finally, in Murillo, the defense opened the door by engaging a fingerprint expert and initiating inquiry at trial regarding the lack of fingerprints on the drug packages.

### a. The facts of Murillo were completely different than the facts of this case.

Murillo involved a traffic stop of a repeat courier, traveling as was his custom, in a rental car. These facts are clearly distinct from the present case which involves an arrest at the border of an individual with no prior connection to drug trafficking. Evidence was introduced that Mr. Murillo had rented numerous cars previously to take them on trips similar in length to this trip.[1]  255 F.3d at 1175. Mr. Murillo had consistently presented the defense that he had just rented a car and drove this long distance in a short time

---

  1  These were trips of several days duration and over 1,000 miles in distance. Murillo, 255 F.3d at 1175.

to pick up his mother.[2]  Id.  Finally, Mr. Murillo designated a fingerprint expert pretrial and presented evidence regarding the lack of fingerprints.  Id. at 1176.

In stark contrast, Mr. Fernandez' case mirrors the facts set forth in the Ninth Circuit's previous decision, United States v. Vallejo, 237 F.3d 1008, as amended, 241 F.3d 1150 (9th Cir. 2001), where a single defendant is crossing the border and drugs are discovered concealed within the car.  In Murillo, this Court specifically recognized the factual differences, 255 F.3d at 1177 ("Vallejo presented different facts than the instant case"), especially relying upon Mr. Murillo's introduction of fingerprint evidence to justify admission of the challenged testimony.  See id. at 1177 ("We acknowledged the significant import of this factual difference (the fingerprint evidence) in Vallejo") (citation omitted).  All of these facts, discussed in detail in Murillo, led to admission of the testimony regarding: "the typical travel itineraries of drug couriers, why drug couriers use rental cars, and how drug traffickers do not entrust large quantities of drugs to people who are unaware that they are transporting them."  Id. at 1176.  In fact, in distinguishing its result from Vallejo, the Murillo Court notes that the factual underpinnings of its case and the evidence admitted limited the "modus operandi" testimony:

> Agent Delaney limited his testimony to the modus operandi of drug couriers.  Agent Delaney did not extrapolate the various roles individuals might play in hypothetical drug trafficking organizations, nor did he imply that Murillo participated in a large-scale operation.

Murillo, 255 F.3d at 1176.  Again, it was quite clear in Murillo that this testimony was admitted to counter specific defenses, i.e. that Murillo had to drive a long distance in a short time to pick up his mother (hence, the testimony about the prior rental cars, and their significance), and his fingerprint defense, which he announced pretrial.  Id.  Here, in this case, the majority of this testimony has no application.  It is unlikely the government intends to introduce testimony that everyone who crosses the international border is a drug smuggler.  Nor can they have an expert opine about rental cars since Mr. Fernandez was not driving a rental car.  Thus, all the prosecutor intends to do is to parse out the testimony introduced in Murillo, separate it from its factual underpinnings, and introduce the one fragment of it which he likes.  To permit this would be error.  The facts of Murillo are so distinct from this case that they render the testimony introduced there entirely inapplicable here.

---

[2] In Murillo, there were two previous trials, thus, the defense strategy was likely well-known to the prosecutor by the third trial.  255 F.3d at 1174.

### b. The facts of <u>Cordoba</u> are completely different from this case.

The second case, <u>United States v. Cordoba</u>, 104 F.3d 227 (9th Cir. 1997), of course, predates <u>Vallejo</u>. Further, it involved over 300 kilograms of cocaine, worth millions of dollars. It has since been discussed as a "complex case," certainly not the issue at here. <u>United States v. Campos</u>, 217 F.3d 707 (9th Cir. 2000). Specifically, the testimony at trial in <u>Cordoba</u> was that "sophisticated narcotics traffickers do not entrust 300 kilograms of cocaine to someone who does not know what he is transporting." <u>Id.</u> at 229. The difference between 300 kilograms of cocaine and approximately 50 kilograms of marijuana need not be belabored. The government has failed to show how "unknowing courier" or other structure testimony would be more probative than prejudicial.

### c. The facts of <u>Campos</u> are completely different from this case.

The third case cited by the government, <u>Campos</u>, 217 F.3d 707, does not stand for the proposition the government claims it establishes. First, the government's argument completely ignores the fact that in <u>Campos</u>, the defense failed to object to the introduction of the proposed testimony at trial. <u>Id.</u> at 713. Indeed, the government's citation of <u>Campos</u> is completely inaccurate. The government cites <u>Campos</u> for the proposition that "expert testimony regarding the *modus operandi* of a particular business is admissible even in non-complex, non-conspiracy cases provided [relevance and 702 admissibility]." Government Motions *In Limine*, at 11. In fact, in <u>Campos</u>, the Ninth Circuit stated that "we do not reach the question of whether such expert testimony would be admissible in a non-complex case over a proper objection made to the trial court").[3] Second, the amount of marijuana in <u>Campos</u> was triple the amount here, at least suggesting a more complex operation. <u>Id.</u> at 711.

A ruling as to when and whether the door is opened to unknowing courier testimony, and whether the proposed testimony is in fact proper expert testimony must be made based upon the facts of the case and what happens at trial. <u>Vallejo</u>, 237 F.3d at 1017 ("[c]riminal prosecutions cannot be blueprinted, but must be tailored to the facts of each case in consideration of the individual rights of each defendant"). Merely testifying to a lack of knowledge that the marijuana was in the car simply does not open up the door

---

[3] Mr. Fernandez hereby objects to the admission of the proposed evidence as a violation of Federal Rules of Evidence 704(b), 402, and 403. Such objections will be renewed at trial.

to the highly prejudicial expert testimony proposed here by the government. See generally Vallejo, 237 F.3d 1008.

Finally, absent evidence or an attempt to infer innocence based on the fact that there were no fingerprints on the car, the government's proposed testimony that couriers do not typically participate in the loading or unloading of narcotics would be irrelevant, and in addition it would be highly prejudicial. Thus, it should be excluded under Federal Rules of Evidence 402, 403, and 704(b).

**G.      PRECLUDE EXPERT TESTIMONY BY DEFENSE**

The defense does not anticipate needing or offering expert testimony. Thus, it does not object to this motion.

**H.      ADMIT 404(B) EVIDENCE**

Mr. Fernandez does not object to the introduction of the TECS evidence as provided by the government to date. Any additional TECS evidence would be unnoticed 404(b) evidence, and thus inadmissible.

**I.      PRODUCE RECIPROCAL DISCOVERY**

The defense is well aware of and will fully comply with its reciprocal discovery obligations.

**III.**

**CONCLUSION**

For the foregoing reasons, Mr. Fernandez respectfully requests that this Court deny the government's motions *in limine*, in accordance with the above arguments.

Respectfully submitted,

s/ *David M.C. Peterson*

DATED: June 2, 2008        **DAVID M.C. PETERSON**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Fernandez
david_peterson@fd.org