KAREN P. HEWITT
United States Attorney
PAUL L. STARITA
Assistant U.S. Attorney
California State Bar No. 219573
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-6507/5956

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR0802-JAH |
| Plaintiff, | Date:   June 13, 2008<br>Time:  8:30 a.m. |
| v. | **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE TO:** |
| JOSE JUAN FERNANDEZ, | |
| Defendant. | (1) PRECLUDE EVIDENCE UNDER 404(B) AND 609;<br>(2) GRANT ATTORNEY-CONDUCTED VOIR DIRE;<br>(3) EXCLUDE 403 EVIDENCE;<br>(4) EXCLUDE EVIDENCE OF STRUCTURE;<br>(5) EXCLUDE MARIJUANA FROM COURTROOM;<br>(6) PRECLUDE EVIDENCE OF PARAPHERNALIA AS IMPROPER 404(B);<br>(7) PRECLUDE INTRODUCTION OF DOCUMENTS NOT YET PRODUCED;<br>(8) ORDER PRODUCTION OF ANY SUPPLEMENTAL REPORTS;<br>(9) PRECLUDE EVIDENCE OF POVERTY;<br>(10) EXCLUDE EVIDENCE OF DEMEANOR; AND<br>(11) COMPEL PRODUCTION OF GRAND JURY TRANSCRIPTS |

COMES NOW, the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel,

KAREN P. HEWITT, United States Attorney, and Paul L. Starita, Assistant United States Attorney, and

hereby files its Response and Opposition to Defendant's Motions in Limine in the above-captioned case.

Said Response and Opposition is based upon the files and records of this case.

I

## STATEMENT OF THE CASE

On March 19, 2008, a federal grand jury in the Southern District of California returned a two-count Indictment charging defendant JOSE JUAN FERNANDEZ ("Defendant") with (I) importing approximately 52.40 kilograms (115.28 pounds) of marijuana into the United States in violation of 21 U.S.C. §§ 952 and 960, and (ii) possessing approximately 52.40 kilograms (115.28 pounds) of marijuana with intent to distribute  in violation of  21 U.S.C. § 841(a)(2).  Defendant was arraigned on the Indictment on March 20, 2008, and pleaded not guilty.

II

## STATEMENT OF FACTS

### A.    PRIMARY INSPECTION AREA

On March 5, 2008, at approximately 6:30 a.m., Defendant, the driver and sole occupant of a 1986 Toyota pick-up truck bearing California license plates (# 4EWU768), attempted to enter the United States from Mexico through the Secure Electronic Network for Travelers Rapid Inspection ("SENTRI") lane number three at the San Ysidro, California, Port of Entry.  Since Defendant was not authorized to use the SENTRI lanes, he was redirected to the standard primary inspection lanes.  When Defendant arrived at the primary booth, he presented his I-551 Lawful Permanent Resident ("LPR") card to Customs and Border Protection ("CBP") Officer Exconde.  CBP Officer Exconde explained to Defendant that he was not authorized to use the SENTRI lanes and referred Defendant and his vehicle to the Secondary Inspection Area for further processing.

### B.    SECONDARY INSPECTION AREA

After arriving in the Secondary Inspection Area, Defendant presented his LPR card to CBP Officer Boutwell who asked Defendant a series of standard questions.  Defendant stated that he was the owner of the Toyota pick-up truck, that he had bought the truck a couple of days before, and that he had nothing to declare.  Upon inspection of the vehicle registration provided by Defendant, CBP Officer Boutwell believed it to be altered or counterfeit.  As such, CBP Officer Boutwell requested that a narcotics detection dog screen Defendant's truck.  The narcotics detection dog screened the truck and alerted to the front wall of the bed of the truck. CBP Officer Boutwell then lifted the camper shell off

1  the bed of the truck and discovered a non-factory compartment containing cellophane wrapped

2  packages.  CBP Officer Garza completed the inspection of Defendant's truck and found 11 cellophane

3  wrapped packages concealed in the non-factory compartment and 4 additional cellophane wrapped

4  packages concealed in the camper shell.  CBP Officer Garza probed one of the packages and found a

5  green leafy substance.  This substance field tested positive for the presence of marijuana.

6       Later this same morning, at approximately 8:55 a.m., CBP Officer Garza had a towing company

7  contractor remove the rear tires from Defendant's truck for further inspection.  The rear tires of the truck

8  were cut open revealing 10 additional cellophane wrapped packages (5 in each tire).  CBP Officers

9  found a total of 25 packages which were all wrapped in duct tape, cellophane, grease or oil, packaging

10 tape, and wrapping paper with Kyocera tape (depicting flowers).  The total weight of these packages

11 was approximately 52.40 kilograms (115.28 pounds).

12 **C.    DEFENDANT'S POST-*MIRANDA* STATEMENT**

13       On this same day, at approximately 9:58 a.m., Immigration and Customs Enforcement ("ICE")

14 Special Agent Roberts advised Defendant that marijuana had been found in his truck and that he was

15 under arrest.  Special Agent Roberts then advised Defendant of his Miranda rights in the English

16 language with the assistance of an acknowledgment and waiver of rights form.  Defendant stated that

17 he understood his rights and was willing to answer questions.  Defendant then appeared to not

18 understand the term "waiver" on the rights waiver form.  The term was explained to Defendant and he

19 invoked his right to counsel.  At this point, all questioning of Defendant ceased.  The advisement of

20 rights and Defendant's invocation were recorded on a digital video disk ("DVD").

21                                     **III**

22                          **POINTS AND AUTHORITIES**

23 **1.    404(B) and 609 EVIDENCE**

24       With regard to evidence that may be admitted under Federal Rule of Evidence 404(b), the United

25 States has responded more completely below.  However, in sum, the United States contends that the

26 evidence that is the subject of Defendant's motions is "inextricably intertwined" with the charged

27 offenses.   Further, Defendant has been provided with ample discovery on the relevant items of

28 evidence. //

1    With regard to evidence that may be admitted under Federal Rule of Evidence 609, the United

2  States does not intend to offer any evidence of this nature.

3  **2.    ATTORNEY-CONDUCTED VOIR DIRE**

4    Defendant has requested the opportunity for attorney-conducted voir dire for this case.  The

5  United States does not oppose this request.

6  **3.    EVIDENCE OF STRUCTURE**

7    In addressing this issue, the United States incorporates by reference its briefing in its Motions

8  In Limine.

9  **4.    MARIJUANA IN THE COURTROOM**

10    Defendant moves to exclude the marijuana seized from the courtroom for the duration of the

11  trial.  The Court should admit the marijuana seized from the vehicle and possessed by Defendant and

12  to display it to the jury.  (The United States will make arrangements to transport it to and from court and

13  will make it available to the jury should it wish to view the marijuana during deliberations.)  The sheer

14  volume of the packaged marijuana demonstrates the care that was taken to ensure that the marijuana

15  reached its final destination and tends to refute any claim by Defendant that he did not know his vehicle

16  was laden with marijuana.  The marijuana is highly probative to the issue of Defendant's knowledge,

17  the element of proof Defendant concedes is most at issue.

18  **5.    THE NARCOTICS SCALE IS ADMISSIBLE**

19    When Defendant was arrested at the Port of Entry, a scale used to weigh narcotics was found in

20  his vehicle.  The scale is evidence of Defendant's intent to distribute narcotics and should be admitted.

21  As stated above, the United States believes that this evidence is admissible because it is "inextricably

22  intertwined with the offenses charged.  Further, even if the Court were to determine that this evidence

23  should be analyzed in accordance with the strictures of Federal Rule of Evidence Rule 404(b), it would

24  still be admissible.

25    Evidence of other conduct is not governed by Rule 404(b) when, as here, it is inextricably

26  intertwined with the charged offense.  United States v. Lillard, 354 F.3d 850, 854 (9th Cir. 2003);

27  United States v. Beckman, 298 F.3d 788, 793-94 (9th Cir. 2002); United States v. Matthews, 240 F.3d

28  806, 817 (9th Cir. 2001).  It is inextricably intertwined, for example, when necessary for the government

4

1    to (1) show that defendant's acts are part of a single criminal transaction or (2) to provide the jury with

2    a coherent and comprehensible account of the defendant's criminal conduct. Id. (citing United States

3    v. Vizcarra-Martinez, 66 F.3d 1006, 1012-13 (9th Cir. 1995)). See United States v. Williams, 291 F.3d

4    1180, 1189-90 (9th Cir. 2002); United States v. King, 200 F.3d 1207, 1214-15 (9th Cir. 1999). The

5    government is entitled to prove the context in which the crime occurred. United States v. Rrapi, 175

6    F.3d 742, 748 (9th Cir. 1998); United States v. Collins, 90 F.3d 1420, 1428-29 (9th Cir. 1996).

7         In United States v. Cervantes-Cardenas, CA No. 06-50182, 2007WL580004 (9th Cir. February

8    16, 2007), Ninth Circuit Court of Appeals found that evidence of the defendant carrying an image of

9    the patron saint of drug smuggling was not deemed other acts evidence governed by Rule 404(b)

10    because it was "inextricably intertwined" with the drug smuggling charges. The Court further stated

11    that the admission of said evidence was not an abuse of discretion under Rule403 because it was

12    relevant to establish defendant's knowledge of the drugs in his vehicle. Just as concurrent possession

13    of an image of the patron of drug smuggling is relevant, intertwined evidence of knowledge in the

14    offense of drug smuggling, concurrent possession of a digital scale may be deemed relevant, intertwined

15    evidence of knowledge in the offense of possession with the intent to distribute narcotics.

16         More specifically, the Ninth Circuit Court of Appeals has upheld the admission of narcotics

17    scales as evidence of a defendant's intent to distribute narcotics. See United States v. Thompson, CA

18    No. 05-50801, 2007 WL 2044725 (9th Cir. July16, 2007)(unpublished)(possession of scales is

19    consistently admitted as indicative of intent to distribute); United States v. Gonzales, 307 F.3d 906, 910

20    (9th Cir. 2002) (scales admissible as evidence on the theory that they are common to the practice of

21    selling drugs - they are "tools of the trade"); United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.

22    1988) ("because scales constitute one of the tools of the drug trade, they are probative of intent to

23    distribute, not just possess contraband"); United States v. Tehba, 770 F.2d 1454, 1457 (9th Cir. 1985)

24    (possession of scale as evidence of intent to distribute drugs, showing intent and absence of mistake

25    under Federal Rule of Evidence 404(b)). Thus, Defendant's motion should be denied.

26    //

27    //

28    //

**6.    EVIDENCE NOT PRODUCED IN DISCOVERY**

The United States has produced or will produce all evidence that it intends to introduce in its case-in-chief.

**7.    GRAND JURY TRANSCRIPTS AND SUPPLEMENTAL REPORTS**

Defendant requests that the Court order the production of the Grand Jury transcripts and supplemental reports related to this case.  The United States will continue to abide by its discovery obligations under Rule 16, Brady and its progeny, and the Jencks Act.

**8.    DEMEANOR EVIDENCE**

Defendant moves for the exclusion of evidence related to Defendant's demeanor at the time of her arrest.  Evidence regarding a defendant's demeanor and physical appearance is admissible as circumstantial evidence that is helpful to the jury's determination as to whether a defendant knew drugs were concealed in the vehicle.  Fed. R. Evid. 701; United States v. Hursh, 217 F.3d 761 (9th Cir. 2000) (holding that jury may consider defendant's nervousness during questioning at a port of entry); United States v. Fuentes-Cariaga, 209 F.3d 1140, 1144 (9th Cir. 2000) (holding that it is within the ordinary province of jurors to draw inferences from an undisputed fact such as a defendant's nervousness at Calexico Port of Entry); United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir. 1990) (holding that jury could infer guilty knowledge from a defendant's apparent nervousness and anxiety during airport inspection); United States v. Lui, 941 F.2d 844, 848 (9th Cir. 1991) (holding that jury could consider guilty knowledge from a defendant's acting disinterested during airport inspection).

The United States' witnesses may testify about Defendant's demeanor at the time he crossed the border at the Port of Entry.  Customs and Border Protection Officers and ICE Agents may properly testify to Defendant's behavior, demeanor, and physical appearance because they have personal knowledge based upon their observations of Defendant.  Accordingly, this evidence should be admitted.

//

//

//

//

//

IV

**CONCLUSION**

For the above stated reasons, the United States respectfully requests that Defendant's Motions in Limine be denied except where expressly unopposed.

DATED: June 6, 2008                    Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

*/s/ Paul L. Starita*
PAUL L. STARITA
Assistant U.S. Attorney
Attorneys for Plaintiff
United States of America
Email: paul.starita@usdoj.gov

08CR0802-JAH

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR0802-JAH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| JOSE JUAN FERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

    I, PAUL L. STARITA, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of United States' Response and Opposition to Defendant's Motions In Limine, together with statement of facts and memorandum of points and authorities on the following by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1.    David M. C. Peterson, Esq.
            Federal Defenders of San Diego, Inc.

    I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

    1.    N/A.

the last known address, at which place there is delivery service of mail from the United States Postal Service.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on June 6, 2008.

                      */s/ Paul L. Starita*
                      PAUL L. STARITA

08CR0802-JAH