**DAVID M.C. PETERSON**
California State Bar No. 254498
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California  92101-5008
Telephone: (619) 234-8467
david_peterson@fd.org

Attorneys for Mr. Fernandez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JOHN A. HOUSTON)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JOSE JUAN FERNANDEZ<br><br>　　　　　　Defendant. | Case No. 08cr0802-JAH<br><br>Date:  June 13, 2008<br>Time:  8:30 a.m.<br><br>**REPLY TO UNITED STATES' RESPONSE AND OPPOSITION TO MR. FERNANDEZ' MOTIONS *IN LIMINE*** |

TO:　KAREN P. HEWITT, UNITED STATES ATTORNEY;
　　　PAUL STARITA, ASSISTANT UNITED STATES ATTORNEY

　　　COMES NOW the accused, Jose Juan Fernandez, by and through his counsel, David M.C. Peterson and Federal Defenders of San Diego, Inc., and hereby files his reply to the plaintiff's response and opposition to his Motions *In Limine*. This reply is based upon the files and records of this case, the prior pleading, and the attached memorandum of points and authorities.

//
//
//
//
//
//

08cr0802-JAH

**I.**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.   404(B) Evidence**

**1.   The Scale Is Not "Inextricably Intertwined" With the Charged Offense.**

The government contends that the evidence of a scale consistent with personal use of cocaine is admissible because it is "inextricably intertwined" with the charged offenses. It offers no argument to back up this assertion. This is because evidence of personal use of drugs is not "inextricably intertwined" with importation or possession with intent to distribute. As cogently explained in United States v. Vizcarra-Martinez, 66 F.3d 1006 (9th Cir. 1995), there are two ways that an "other act" may be so inextricably intertwined that it is exempt from the strictures of Rule 404(b). First, when "it constitutes a part of the transaction that serves as the basis for the criminal charge." Id. at 1012. The example cited in Vizcarra-Martinez highlights the narrowness of this rule. In United States v. Williams, 989 F.2d 1061, 1070 (9th Cir.1993), the Ninth Circuit held that contemporaneous sales of cocaine and crank by the defendant (presumably to other people at the same time) were inextricably intertwined with the crime with which the defendant was charged: the sale of cocaine. This is clearly not the situation here.

Second, an "other act" may be inextricably intertwined where it's omission would prevent the government from offering a "coherent and comprehensible story regarding the commission of the crime." Vizcarra-Martinez, 66 F.3d at 1012-13. The prime example of such an offense is felon in possession of a firearm, where precluding certain "other acts" evidence would force the jury "to make its decision in a void-without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." Id. at 1013. Again, this is clearly not the case here.

Indeed, this case is virtually indistinguishable from Vizcarra-Martinez, as discussed in Mr. Fernandez' motion in limine to preclude. Id. ("Coincidence in time is insufficient. The mere fact that a defendant is in possession of a small amount of a prohibited narcotic substance at the time he commits a crime is not enough to support the introduction of the evidence of drug usage. There must be a sufficient contextual or substantive connection between the proffered evidence and the alleged crime to justify exempting the evidence from the strictures of Rule 404(b)."). Here, as in Vizcarra-Martinez, there is only coincidence in time of Mr. Fernandez' "other act" and the charged offense. Nothing else connects the two.

1  And, as argued previously, the admission of the scale would be irrelevant and highly prejudicial. <u>United
2  States v. Hill</u>, 953 F.2d 452 (9th Cir. 1991) (evidence that a defendant had used cocaine prior to the drug
3  transaction in question could not be admitted as evidence to convict him of conspiracy and attempt to
4  possess with intent to distribute cocaine). See also <u>United States v. Mehrmanesh</u>, 689 F.2d 822, 831 (9th
5  Cir. 1982) (admission of evidence of defendant's use of cocaine could not be admitted as evidence when
6  the underlying offense was importation and attempted distribution of heroin); <u>United States v. Bramble</u>,
7  641 F.2d 681, 683 (9th Cir. 1981) ("[t]he appellant's conviction of possession of marijuana is not probative
8  of his predisposition to sell cocaine"); <u>Enriquez v. United States</u>, 314 F.2d 703, 713 (9th Cir.1963) (holding
9  that conviction for possession of marijuana was not sufficiently similar to be admissible).

10  **2.   The Scale Is Inadmissible Under Rule 404(b).**

11  The evidence of a scale indicative of personal use of a different type of drug is, quite simply,
12  precluded by binding Ninth Circuit precedent. In <u>United States v. Mehrmanesh</u>, 689 F.2d 822, 831-32 (9th
13  Cir. 1982), the Ninth Circuit rejected the argument that drug-use paraphernalia was relevant to show intent,
14  knowledge, motive, opportunity, and absence of mistake relative to a charge of importation. The court
15  noted that, "[a]lthough the Government apparently argued that the jury could infer that since [defendant]
16  used drugs he was likely to participate in their importation, ... this is precisely the inference we condemned
17  as 'improbable' in [<u>United States v. Masters</u>, 450 F.2d 866, 867 (9th Cir. 1971), cert. denied, 405 U.S. 1044
18  (1972)].

19  In addition, in <u>United States v. Hegwood</u>, 977 F.2d 492, 497 (9th Cir. 1992), the Ninth Circuit held
20  that evidence of prior drug use is not admissible under Rule 404(b) to prove a charge of possession with
21  intent to distribute.

22  The cases cited by the government as holding that a scale, as a "tool of the trade," is admissible to
23  prove intent were—to the one—all used to prove that the defendant him- or herself had the knowledge,
24  ability, and, in essence, tools to actually divide up the drugs at issue for distribution. They were all cases
25  in which the issue at trial was defendant's intent to distribute. Here, as the government has argued countless
26  times, the mere quantity of marijuana would tend to establish intent to distribute. Instead, at issue in this

1  trial is knowledge, and there is no theory under which the government could argue admissibility under
2  Fed.R.Evid. 404(b).[1]

3  Each case cited by the government is addressed in turn. In <u>Cervantes-Cardenas</u>, 220 Fed.Appx. 718
4  (9th Cir. 2007), an unpublished memorandum decision that is not precedential, the "other acts" evidence
5  was an image of the patron saint of drug smuggling. This was admissible to prove knowledge. An icon
6  indicating familiarity with the drug smuggling trade could be probative in certain circumstances. However,
7  possession of a scale—an act related to personal use of a different type of drug—has no bearing on
8  knowledge of the bi-national trade of a different type of drug than the one that may have been personally
9  used. The issue in <u>Cervantes-Cardenas</u> was knowledge or familiarity with the drug smuggling trade, not
10 personal use of drugs. Further, while the balancing test required by Rule 403 might allow the icon in, it
11 certainly would not allow highly prejudicial evidence of personal drug use in. <u>See, e.g.</u>, <u>United States v.
12 Vizcarra-Martinez</u>, 66 F.3d 1006, 1017 (9th Cir. 1995) (not harmless to admit evidence of personal use
13 amount of methamphetamine in trial for conspiracy case involving precursor to methampthetamine); <u>see
14 also</u> <u>United States v. McLister</u>, 608 F.2d 785, 790 (9th Cir. 1979) (misdemeanor conviction for possessing
15 one marijuana could have a "significant" prejudicial effect upon the jury's decision).

16 The government cites <u>United States v. Thompson</u>, 2007 WL 2044725 (9th Cir. 2007), for the
17 proposition that "possession of scales is consistently admitted as indicative of intent to distribute." <u>See</u>
18 Clerk's Record 26, Government's Opposition to Defendant's Motions <u>In Limine</u>, at 5. Simply put, no such
19 proposition, nor any sentence, nor an idea of a similar nature is contained in that case. The case does not
20 even cite to another case holding such a thing. Admission of scales was not at issue in the case in
21 <u>Thompson</u>, and the court never addressed the admissibility of scales. <u>See generally</u> <u>Thompson</u>, 2007 WL
22 2044725. Indeed, the only mention of scales in the decision was in a discussion of the district court's

---

[1] Surely the government's theory of relevance is not that Mr. Fernandez brought 50-some-odd kilograms of marijuana across the border, with the intent to weigh it on a small scale used to weigh personal amounts of cocaine (the scale itself weighs 52 grams, according to government discovery), and distribute it. Such a theory would be inconsistent with dozens of cases in which the government has admitted or sought to admit evidence that couriers operate within a highly segmented and stratified system to perform the simple task of actually bringing the drugs across the border. The government would, in essence, be arguing a theory that is both illogical and contradicts the dozens of experts it has put on over the years in trials in this district.

improper exclusion of an expert witness for the defense that would have testified, among other things, to the fact that "the presence of scales is not inconsistent with personal use because purchasers of marijuana often have scales to make sure the seller is not short-changing them." Id. Hence, the only relevant discussion was of improperly excluded evidence that would tend to stand for the opposite of what the government contends the case stands for.

In United States v. Tebha, 770 F.2d 1454 (9th Cir. 1985), the scale was found immediately adjacent to the drugs at issue. Id. at 1455. In addition, the scale was of the type used to weigh the drug at issue. Moreover, there were trace amounts of the same drug the defendant was charged with possessing. Further, the scale was deemed admissible to show intent or absence of mistake. Id. at 1457. A small scale that could never be used to reweigh the marijuana in the trunk before repackaging and distribution simply does not prove intent to distribute, nor does it indicate a lack of mistake as to whether there was marijuana in the rear of the vehicle that was being driven. Of course, Tebha is a decision that in no way undermines the simple holding of Merhmanesh that "evidence of Mehrmanesh's prior drug use [cannot] logically relate to an issue in this drug importation case other than his general criminal propensity." Merhmanesh, 689 F.2d at 832.

In United States v. Gonzalez, 307 F.3d 906 (9th Cir. 2002), the admissibility of a scale found in a backpack alongside drugs appears not to have been contested, thus it has no bearing on admissibility here. In any event, the case was, like every other case cited by the government involving a scale, a case in which intent to distribute was at issue, not in which knowledge of the drugs was at issue.

In United States v. Savinovich, 845 F.2d 834, 836 (9th Cir. 1988), the scale at issue was a large beam scale in the defendant's house "set at 2,000 grams" and was accompanied by $4,000 cash. The court stated that because "scales found in a defendant's home are admissible to prove intent to distribute, not just to possess, contraband." Id. at 837. This holding explains precisely why the scale at issue here is not admissible in Mr. Fernandez' case. Mr. Fernandez' defense is not that he only possessed over 50 kilograms of marijuana for personal use. The issue in this case is knowledge. And Savinovich does not stand for the proposition that a personal use scale found on or near a defendant's person is probative of knowledge of well-concealed drugs in a vehicle being driven across the border. See generally Id.

//

**B.    Marijuana in the Courtroom**

The government states that "the sheer volume of the packaged marijuana demonstrates the care that was taken to ensure that the marijuana reached its final destination and tends to refute any claim by Defendant that he did not know his vehicle was laden with marijuana."  A visual demonstration of the "sheer volume of the marijuana" would be cumulative, given that the government intends to introduce an expert explaining not only the volume of the marijuana, but the value of such volume.  See Clerk's Record 15, Government's Motions In Limine.  Thus, a visual demonstration of the volume of marijuana would be minimally—if at all—relevant given the expert testimony the government already intends to introduce on the issue.  Thus, the government seeks to introduce the marijuana into the courtroom (and the jury room!) for the sole purpose of inflaming the jurors passions and playing on their prejudices.  The government's bare assertion that the "marijuana is highly probative to the issue of Defendant's knowledge" notwithstanding, this highly prejudicial evidence, which is both minimally relevant and cumulative (as to the purpose for which it is offered), should be precluded.

**C.    Demeanor Evidence**

The cases cited by the government allowing demeanor evidence in are inapposite, because not one of them addresses the admissibility of nervousness testimony.  In United States v. Hursh, 217 F.3d 761 (9th Cir. 2000), the defendant appears not to have contested the admissibility of evidence of nervousness. Indeed, in this sufficiency evidence, the defendant's argument that undisputed nervousness was insufficient to establish possession.  United States v. Fuentes-Cariaga, 209 F.3d 1140 (9th Cir. 2000) was a case deciding that the trial court did not improperly exclude a defense witness to testify that nervousness was not necessarily indicative of guilt.  Again, the defendant did not contest the admissibility of nervousness testimony on appeal, and, as pointed out by the government the "fact" of nervousness was "undisputed."[2] In United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir. 1990), the defendant likewise appears not to have challenged the admissibility at trial or on appeal of "nervousness" testimony.  Whether the jury could have inferred guilty knowledge from testimony as to nervousness does not address the challenge raised by

---

[2] Further, the agents testified to actual perceptions they made about the defendant, namely that he "was wearing a neck brace made of cardboard and gauze; he was trembling, his voice was shaky, and he could not maintain eye contact; and when asked about his neck, said he had been in an accident and also told the inspector that his cousin owned the car."  Id. at 1141.

1  Mr. Fernandez here, namely that the testimony would not be based on personal knowledge, and would be
2  more prejudicial than probative.  Finally, the government cites United States v. Liu, 941 F.2d 844, 848 (9th
3  Cir. 1991) as "holding that jury could consider guilty knowledge from a defendant's acting disinterested
4  during inspection.").  Lui held two things: 1) drug courier profile was improperly admitted in that trial, and
5  2) the error was harmless.  In discussing the harmlessness of the error, the court noted in a footnote that:

> The agent reported that while he was looking for Lui's luggage, Lui was acting disinterested and not helping in the search. When the agent found the luggage, Lui identified it as his, but when the inspector discovered the heroin and asked Lui what it was, Lui stepped away without attempting to see to what the inspector was referring, denied knowing what the heroin was, and denied that the luggage was his.

9  Id. at 848 n.2.  The facts are different; the dicta cited by the government has nothing to do with
10 "nervousness" testimony; and the dicta simply has no bearing on the issue here, which is whether agents
11 may testify to a conclusory assertion that Mr. Fernandez was "nervous."

## II.

## CONCLUSION

For these and all the foregoing reasons, the defendant, Mr. Fernandez, respectfully requests that this Court grant his motions and grant any and all other relief deemed proper and fair.

Respectfully submitted,

Dated: June 11, 2008

*/s/ David M.C. Peterson*
**DAVID M.C. PETERSON**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Fernandez

H:\DMP\Cases\BB\Fernandez\reply to opp to in lims.wpd

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy to Chambers

Copy to Assistant U.S. Attorney via ECF NEF

Copy to Defendant

Dated: June 11, 2008             /s/ DAVID M. PETERSON
                                 Federal Defenders of San Diego,
                                 225 Broadway, Suite 900
                                 San Diego, CA  92101-5030
                                 (619) 234-8467  (tel)
                                 (619) 687-2666  (fax)
                                 david_peterson@fd.org (email)

H:\DMP\Cases\BB\Fernandez\reply to opp to in lims.wpd