1  KAREN P. HEWITT
   United States Attorney
2  PAUL L. STARITA
   Assistant U.S. Attorney
3  California Bar No. 219573
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6507/5528

6  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        )    CRIMINAL CASE NO. 08CR0802-JAH
                                     )
12           Plaintiff,              )
                                     )    DATE:    June 24, 2008
13                                   )    TIME:    9:00 a.m.
        v.                           )    PLACE:   Courtroom 11 (2nd Floor)
14                                   )    JUDGE:   Hon. John A. Houston
                                     )
    JOSE JUAN FERNANDEZ,             )    **UNITED STATES' TRIAL MEMORANDUM**
15                                   )
             Defendant.              )
16  _____ )

17          COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

18  KAREN P. HEWITT, United States Attorney, and Paul L. Starita, Assistant United States Attorney, and

19  hereby files its trial memorandum in the above-referenced case.

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

# I

## STATEMENT OF THE CASE

**A.      THE INDICTMENT**

On March 19, 2008, a federal grand jury in the Southern District of California returned a two-count Indictment charging defendant JOSE JUAN FERNANDEZ ("Defendant") with (i) importing approximately 52.40 kilograms (115.28 pounds) of marijuana into the United States in violation of 21 U.S.C. §§ 952 and 960, and (ii) possessing approximately 52.40 kilograms (115.28 pounds) of marijuana with intent to distribute  in violation of  21 U.S.C. § 841(a)(2).  Defendant was arraigned on the Indictment on March 20, 2008, and pleaded not guilty.

**B.      TRIAL STATUS**

The Court set the Jury Trial for June 24, 2008.  The United States expects its case-in-chief to last approximately one and a half days.

**C.      STATUS OF COUNSEL**

David M. C. Peterson, Esq., Federal Defenders of San Diego, Inc., has been appointed to represent Defendant.

**D.      DEFENDANT'S CUSTODY STATUS**

Defendant has been in custody since his arrest.

**E.      INTERPRETER**

It is anticipated that Defendant will require the assistance of a Spanish-speaking interpreter.  The United States does not anticipate that any of its witnesses will require the assistance of an interpreter.

**F.      JURY WAIVER**

Defendant has not filed a jury waiver.

**G.      PRETRIAL MOTIONS**

On May 27, 2008, the Court denied Defendant's motions to dismiss the indictment and suppress statements.  The Court reserved on Defendant's motion to suppress evidence stemming from a border search of Defendant's cellular telephone.  The Court granted Defendant's motion to preserve evidence.

On June 13, 2008, the Court ruled on the United States' and Defendant's motions in limine.  Of note, the Court granted the United States' motions to admit expert testimony regarding the nature and

value of the narcotics seized in this case, to limit character evidence, to preclude self-serving hearsay, and to prohibit reference to punishment, etc. Also, of note, the Court granted Defendant's motions to exclude evidence related to the personal use of narcotics including a narcotics scale, to exclude testimony regarding *modus operandi* of drug couriers, and to exclude bulk marijuana from the courtroom. Further, the Court denied Defendant's previous motion to suppress evidence.

**H.    STIPULATIONS**

To date, the parties have not entered into any stipulations.

**I.    STATUS OF DISCOVERY**

The United States has complied and will continue to comply with its discovery obligations. To date, Defendant has provided no reciprocal discovery.

**II**

**STATEMENT OF THE FACTS**

**A.    PRIMARY INSPECTION AREA**

On March 5, 2008, at approximately 6:30 a.m., Defendant, the driver and sole occupant of a 1986 Toyota pick-up truck bearing California license plates (# 4EWU768), attempted to enter the United States from Mexico through the Secure Electronic Network for Travelers Rapid Inspection ("SENTRI") lane number three at the San Ysidro, California, Port of Entry. Since Defendant was not authorized to use the SENTRI lanes, he was redirected to the standard primary inspection lanes. When Defendant arrived at the primary booth, he presented his I-551 Lawful Permanent Resident ("LPR") card to Customs and Border Protection ("CBP") Officer Exconde. CBP Officer Exconde explained to Defendant that he was not authorized to use the SENTRI lanes and referred Defendant and his vehicle to the secondary inspection area for further processing.

**B.    SECONDARY INSPECTION AREA**

After arriving in the Secondary Inspection Area, Defendant presented his LPR card to CBP Officer Boutwell, who asked Defendant a series of standard questions. Defendant stated that he was the owner of the Toyota pick-up truck, that he had bought the truck a couple of days before, and that he had nothing to declare. Upon inspection of the vehicle registration provided by Defendant, CBP Officer Boutwell believed it to be altered or counterfeit. As such, CBP Officer Boutwell requested that a

1    narcotics detection dog screen Defendant's truck.  The narcotics detection dog screened the truck and

2    alerted to the front wall of the truck's bed.  CBP Officer Boutwell then lifted the camper shell off the

3    bed of the truck and discovered a non-factory compartment containing cellophane wrapped packages.

4    CBP Officer Garza completed the inspection of Defendant's truck and found 11 cellophane wrapped

5    packages concealed in the non-factory compartment and 4 additional cellophane wrapped packages

6    concealed in the camper shell.  CBP Officer Garza probed one of the packages and found a green leafy

7    substance.  This substance field tested positive for the presence of marijuana.

8        Later this same morning, at approximately 8:55 a.m., CBP Officer Garza had a towing company

9    contractor remove the rear tires from Defendant's truck for further inspection.  The rear tires of the truck

10   were cut open revealing 10 additional cellophane wrapped packages (5 in each tire).  CBP Officers

11   found a total of 25 packages which were all wrapped in duct tape, cellophane, grease or oil, packaging

12   tape, and wrapping paper with Kyocera tape (depicting flowers).  The total weight of these packages was

13   approximately 52.40 kilograms (115.28 pounds).

14   **C.     DEFENDANT'S POST-*MIRANDA* STATEMENT**

15       On this same day, at approximately 9:58 a.m., Immigration and Customs Enforcement ("ICE")

16   Special Agent Roberts advised Defendant that marijuana had been found in his truck and that he was

17   under arrest.  Special Agent Roberts then advised Defendant of his Miranda rights in the English

18   language with the assistance of an acknowledgment and waiver of rights form.  Defendant stated that

19   he understood his rights and was willing to answer questions.  Defendant then appeared to not

20   understand the term "waiver" on the rights waiver form.  The term was explained to Defendant and he

21   invoked his right to counsel.  At this point, all questioning of Defendant ceased.  The advisement of

22   rights and Defendant's invocation were recorded on a digital video disk ("DVD").

23                                      **III**

24                                   **WITNESSES**

25       The United States expects to call the following witnesses, although it reserves the right to change

26   the order of these witnesses, substitute witnesses, add, or omit one or more witnesses.

27       1.     Special Agent Jeffrey Roberts, Immigration and Customs Enforcement

28       2.     Officer Gernan E. Exconde, Customs and Border Protection

                                          4

3.    Officer Jason Boutwell, Customs and Border Protection

4.    Officer Stacy Smithson, Customs and Border Protection

5.    Officer David Garza, Customs and Border Protection

6.    Special Agent Andrew Flood, Immigration and Customs Enforcement

7.    Ms. Sandra R. Cruz, Drug Enforcement Administration

Furthermore, the United States will have rebuttal witnesses prepared to testify to rebut any case put on by Defendant. Since Defendant has declined to identify an alibi, the United States remains in compliance with Fed.R.Crim.P. 12.1. See United States v. Gering, 716 F.2d 615, 621 (9th Cir.1983) (it is well-settled that the government "is not ordinarily required to disclose [rebuttal] witnesses."); see also United States v. Dischner, 974 F.2d 1502, 1522 (9th Cir.1992), cert. denied, 507 U.S. 923, 113 S.Ct. 1290, 122 L.Ed.2d 602 (1993); United States v. Angelini, 607 F.2d 1305, 1308-09 (9th Cir.1979); cf. United States v. Portillo, 633 F.2d 1313, 1324 (9th Cir.1980) (The administration of Rule 12.1 is left to the discretion of the district court).

## IV

## **EXHIBITS**

The United States requests that defense counsel examine the exhibits before trial to expedite the proceedings.  Counsel for the United States also requests time to examine the defense exhibits before trial.  Although the United States may introduce the following exhibits, it reserves the right to add or omit exhibits:

1.    Marijuana samples;

2.    Photographs of the vehicle, bulk marijuana, and Port of Entry;

3.    Vehicle Registration;

4.    Certified California DMV records; and

5.    Drug value chart (demonstrative only).

//

//

//

//

**V**

**JURY INSTRUCTIONS**

The United States will file its proposed jury instructions under separate cover.

**VI**

**LEGAL ISSUES**

**A.    ELEMENTS OF THE CHARGED OFFENSES**

    1.    <u>Title 21, United States Code Sections 952, 960</u>

The elements for the offense of importing Marijuana are:

        a.    Defendant intentionally brought marijuana into the United States; and

        b.    Defendant knew that it was marijuana or some other prohibited drug.

9th Cir. Crim. Jury Instruction 9.27 (2007).

    2.    <u>Title 21, United States Code, Section 841(a)(1)</u>

The elements of the offense of possessing marijuana with the intent to distribute are:

        a.    Defendant knowingly possessed marijuana or some other prohibited drug in a measurable or detectable amount; and

        b.    Defendant possessed marijuana with the intent to deliver it to another person.

9th Cir. Crim. Jury Instruction 9.13 (2007).

It does not matter whether a defendant knew that the substance was marijuana.  It is sufficient that a defendant knew that it was some kind of prohibited drug.  <u>See</u> 9th Cir. Crim. Jury Instruction 9.13 (2007).  With regard to possession, the United States notes that possession may be actual or constructive, and it may be proved by direct or circumstantial evidence.  <u>See</u> <u>United States v. Magallon-Jimenez</u>, 219 F.3d 1109, 1112-1113 (9th Cir. 2000).  Moreover, a defendant's mere possession of a substantial quantity of a controlled substance may show that the defendant knowingly possessed the substance.  <u>See</u> <u>United States v. Diaz Cardenas</u>, 351 F.3d 404, 407 (9th Cir. 2003)(holding that jury could infer knowledge when an individual is the driver and sole occupant of a vehicle containing 9.48 pounds of methamphetamine (4.31 kilograms) and 17.65 pounds of cocaine (8.02 kilograms) concealed in the air bag of the vehicle); <u>United States v. Sanchez-Lopez</u>, 879 F.2d 541, 555 (9th Cir. 1989) (finding 2.5 kilograms of cocaine sufficient to show knowledge and intent to distribute and noting that a secret

1   compartment within a vehicle used to conceal illegal substances can raise an inference concerning

2   knowledge of the substance).

3        Knowledge may also be proved by reasonable inferences from the high street value of the

4   narcotics. See United States v. Ogbuehi, 18 F.3d 807, 812 (9th Cir. 1994) ("DEA agents can testify as

5   to the street value of narcotics, . . . and counsel can argue reasonable inferences from it") (citation

6   omitted); United States v. Golden, 532 F.2d 1244, 1247 (9th Cir.1976) (holding that "value of the heroin

7   found in the bags was relevant to both appellants' knowledge of the presence of the heroin and intent

8   to distribute"); Gaylor v. United States, 426 F.2d 233, 235 (9th Cir. 1970) (testimony as to the selling

9   price of cocaine was relevant to issue of knowledge, since it tended to refute "the possibility that a

10  stranger could have placed such a valuable cargo in a vehicle in the hope that the vehicle could be

11  followed and the cocaine later recovered in the United States").

12       With regard to distribution/delivery, the United States may prove the "intent to deliver" element

13  based on the following: a large quantity of contraband (United States v. Diaz Cardenas, 351 F.3d at

14  407); the manner in which the controlled substance was packaged (United States v. Glenn, 667 F.2d

15  1269, 1292 (9th Cir. 1982)); and the street value of the narcotics (United States v. Davila-Escovedo, 36

16  F.3d 840, 843 (9th Cir. 1994)); United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.  1988)

17  (evidence of $100,000 street value of cocaine was relevant to proving defendant's intent to distribute);

18  United States v. Ramirez-Rodriguez, 552 F.2d 883, 885 (9th Cir. 1977) (evidence of resale value of drug

19  probative of intent to distribute).

## VII

## VOIR DIRE

22       The United States respectfully requests that the following voir dire questions be addressed to the

23  jury panel in addition to the Court's standard jury questions:

24       1.    The Court will instruct you about the law.  Will you follow the law as given by the Court

25            and disregard any idea or notion you have about what the law is or should be?

26       2.    The United States will be calling witnesses employed by the Department of Homeland

27            Security, Customs and Border Protection and Immigration and Customs Enforcement.

28            Does anyone have family members or close friends who work, or have worked, for these

agencies? Would that prevent you from being fair and impartial? Does anyone have any negative views of these agencies that would prevent you from being fair and impartial?

3    Has anyone had an unpleasant or negative experience with any law enforcement personnel? Would that cause you to be biased against law enforcement?

4.    Has anyone ever had any disputes with any agency of the United States Government? If so, please describe.

5.    Have you or any relatives or close friends ever been accused of, or charged with, a similar crime?

6.    Has anyone had any training in the law? If so, please explain.

7.    Will you be able to put aside any feeling of sympathy or pity for the defendant(s) when deciding the facts of this case?

8.    Does everybody understand that a defendant is entitled to a fair trial? Does everybody understand that the United States is also entitled to a fair trial?

9.    Does anybody have any moral or religious reservations that might prevent him/her from standing in judgment of other human beings?

10.    The defendant in this case is charged with importation of a controlled substance. Does anybody have strong feelings or opinions about U.S. narcotics laws that would prevent him/her from viewing the evidence impartially?

11.    The law requires the government to prove its case against the defendant beyond a reasonable doubt. If you are selected, would you want the government to prove its case by a higher standard of proof, say beyond any possible doubt?

12.    Certain events in this case took place at the San Ysidro, California, Port of Entry. Have any of you been sent to secondary inspection or had your vehicle searched at the San Ysidro Port or another port of entry? Have any of you had any strongly positive or strongly negative experiences at the San Ysidro Port or another port of entry? Do you believe that this experience might prevent you from viewing the evidence in this case impartially?

//

13.    Is anyone here involved in criminal defense work?  Does anyone have any friends or family members who are involved in criminal defense work?  Is anyone here involved in law enforcement? Does anyone have any friends or family members who are involved in law enforcement?

14.    Regardless of any position you may have on the legalization or criminalization of marijuana, if you become a juror in this federal trial, will you be able to follow the federal law of the United States as it presently stands and as the judge instructs you regarding the criminal importation and possession of marijuana?

The United States respectfully requests and reserves the right to submit additional questions prior to trial or in accordance with the Court's scheduling orders.

DATED:  June 17, 2008                          Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Paul L. Starita*
PAUL L. STARITA
Assistant U.S. Attorney

9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR0802-JAH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| JOSE JUAN FERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, PAUL L. STARITA, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the **UNITED STATES' TRIAL MEMORANDUM** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1.    David M. C. Peterson, Esq., Federal Defenders of San Diego, Inc.
           Attorneys for Defendant

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

N/A

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 17, 2008.

                                      /s/ *Paul L. Starita*
                                      PAUL L. STARITA